60 So.2d 855

**BRYANT et al. v. HALLMARK.**

6 Div. 397.

Supreme Court of Alabama.

Oct. 9, 1952.

Ling & Bains, Bessemer, for appellant.

Hugh A. Locke, Birmingham, for appellee.

Huey, Welch & Stone, Bessemer, for Personnel Board of Jefferson County, amicus curiæ.

SIMPSON, Justice.

William V. Hallmark sued the City of Bessemer and the commissioners of the municipality in their official capacity on the common count for work and labor done and recovered a judgment. The defendants have appealed.

The City of Bessemer comes under the Civil Service Act, Code 1940, Tit. 62, § 330(21) et seq., and all employees of the municipality, in the classified service, are governed thereby. Plaintiff was in the classified service and employed by the City as a truck driver. He was regularly paid his monthly salary in this position, but was required by the commissioner of the City in charge of his department to do overtime work previously done by the superintendent of streets and an emergency truck driver after employees who had theretofore filled these respective positions had been "laid off." The Board of Commissioners of the City of Bessemer are desirous that his claim, which was duly filed, be paid but the Personnel Board denied the claim and refused to approve it and the Director of Personnel declined to certify that plaintiff is legally entitled to be paid. The City therefore declined to have the warrant issued, although it was the opinion of the Board of Commissioners that plaintiff was entitled to the compensation for the extra services rendered. Their refusal was rested on the provision in Sec. 330(44), Title 62,

Code 1940, 1951 Cum. Pocket Part to Vol. Nine, General Acts 1945, p. 398, Sec. 24. The section as pertinent provides that:

"It shall be unlawful for the fiscal officer of either a county or any municipality affected by this subdivision to draw, sign, issue or authorize the drawing, signing, or issuing of any warrant on the treasurer or other disbursing officer of either the municipality or the county for the payment of or for the treasurer or other disbursing officer to pay any salary or compensation to anyone holding any position subject to the provisions of this subdivision unless the estimate, payroll, warrant, or account for such salary or compensation containing the name of the person to be paid shall bear the certification of the director of personnel, that the person or persons named in the estimate, payroll, warrant, or account are holding hereunder and are legally entitled to receive the sums stated therein. Any sum paid contrary to any provision of this subdivision or of any rule, regulation or order thereunder may be recovered, in an action maintained in the name of the county or municipality by the county or city attorney, or by any citizen or taxpayer of the county or municipality from any officer who made, approved or authorized such payment or who signed or countersigned a voucher, payroll, check or warrant for such payment, or from the sureties on the official bond of any such officer.
* * * "

Manifestly, we are met at the threshold by a procedural question, which is dispositive of the appeal. A condition precedent to the payment of salary or compensation by the City to an employee in the classified service in the City of Bessemer is the certification of the Director of Personnel that that person is legally entitled to receive the stated sum—this even though the governing body of the municipality might think the item proper and wish it to be paid. This is the specific language of the quoted section and it is not with the courts to vary or qualify its terms. The statute is peculiarly specific that this provision be strictly

complied with, since it invokes a penalty for its violation by providing that any sum paid contrary thereto may be recovered from the officer who made, approved or authorized the payment or who signed the voucher for such payment or from the sureties on the official bond of such officer. Hence the precedent condition to the right of the plaintiff to be paid monies from the *City treasury* for the services he rendered is the stated certification of the Director of Personnel, which was lacking in the instant case and which, of course, was fatal to the plaintiff's right to recover in this suit.

Plaintiff, of course, as always has a right to have his claim against the City adjudicated and in this particular instance the remedy is provided for in the aforesaid section of the Civil Service Act. The provision is: "If the director wrongfully withholds certification of the payroll voucher or account of any employee, such employee may institute a proceeding to compel the director to certify such payroll voucher or account." The usual procedure to test the right in such a case is by mandamus. Alabama Digest, Mandamus, ⬤102(2), 107.

We, hence, do not reach the real question of the right, *vel non,* of the plaintiff to overtime pay by the City for additional services rendered and, therefore, forego the expression of any opinion, since to do so would be merely *dictum.* We emphasize the fact that this suit is essentially against the City, and not the individual officers. If they are liable on the theory that plaintiff was employed to do the work sued for in contravention of the statute, the question is not here involved for such is not the nature of this suit. 67 C.J.S., Officers, § 99(b), page 360.

In view of argument of counsel we do deem it proper to point out that the case of City of Birmingham v. Lee, 254 Ala. 237, 48 So.2d 47, the so-called Merrill case, may not be applied to affect decision here as to the right of the plaintiff to be paid for additional services rendered the City while holding and performing the duties of his regular position. That case was one in declaratory judgment to determine and declare the authority of the Board of Com-

missioners of Birmingham to promote Merrill to a higher classification without competitive examinations, as required by the Civil Service Act, which question was decided in the negative. The case here is one in assumpsit on the common count against the City and, as we have pointed out, may not be maintained under the existing status.

It results that the learned trial court committed error to reverse in the rendition of the judgment aforesaid.

Reversed and remanded.

LIVINGSTON, C. J., and FOSTER and GOODWYN, JJ., concur.