**Calvin INGRAM, Plaintiff,**

v.

**STEVEN ROBERT CORPORATION et al., Defendants.**

**Civ. A. No. 76–239–P.**

United States District Court,

S.D. Alabama, S.D.

July 30, 1976.

462

Edward Massey, Jr., Mobile, Ala., for plaintiff.

Paul W. Brock and Benjamen T. Rowe, Mobile Ala., for defendants.

### ORDER ON MOTION TO DISMISS AND STRIKE

PITTMAN, Chief Judge.

After consideration of defendants' motion to dismiss and strike, it is the opinion of this court that defendants' motion to dismiss is due to be granted.

Plaintiff, a former black employee of defendants, brings this suit for the alleged violation and denial of his right to full and equal benefit of the laws of the United States and a denial of those rights as are guaranteed under the 14th Amendment of the United States Constitution and under 42 U.S.C. § 1981. Further, plaintiff alleges the complained of actions constituted "state action" in that said defendant was a corporation operating and existing under color of the laws of the State of Alabama.

Jurisdiction is based on 28 U.S.C. § 1343.

Defendant is a manufacturing corporation incorporated under the laws of Delaware and qualified to do business within the State of Alabama.

Prior to April 10, 1974, plaintiff was an employee of defendant at its Evergreen plant. On or about April 10, 1974, plaintiff was discharged by defendant, allegedly because of his race and his support of the union.

Plaintiff requests injunctive relief and reinstatement. He also requests a money judgment equal to his full back pay, including regular periodic increases allotted to his position, from the date of termination to the date of reinstatement, less his interim earnings, attorney's fees, etc.

■ *I. § 1981 Violations.* In Counts I and II of plaintiff's complaint it is alleged that his discharge was a denial of his rights under the law and constitution of the United States. Defendant has raised the contention the limitations period governing this case is Title 7, § 26, Code of Alabama (1958), a one year statutory period for "[a]ctions for any injury to the person or rights of another, not arising from contract, and not herein specifically enumerated." The plaintiff states in his complaint he was terminated on or about April 10, 1974. An affirmative application of Title 7, § 26 will bar plaintiff's § 1981 claims.

In *Buckner v. Goodyear Tire and Rubber Company*, 476 F.2d 1287 (5th Cir. 1973), the Fifth Circuit affirmed a district court holding (at 339 F.Supp. 1108) that the Alabama one year statute applies to § 1981 actions.

The essential nature of the claim is the interference with a constitutionally protected right, not the breach of a contractual obligation. The Alabama one (1) year statute is applicable. See *Sewell v. Grand Lodge of Int'l Ass'n of Machinists*, 445 F.2d 545 (5th Cir. 1971) (held an action in Alabama for violation of federal rights is essentially *ex delicto* to which Alabama's one year statute of limitations applies). See also *Watkins v. Scott Paper Co.*, 530 F.2d 1159 (5th Cir. 1976).

It is the opinion of this court that the plaintiff's § 1981 allegations are barred, and the defendants' motion to dismiss must be granted to this cause of action.

*II. § 1983 and 14th Amendment Violations.* The plaintiff has alleged his discharge constituted a denial of his right to full and equal benefit of the laws of the United States and a denial of his rights as guaranteed under the 14th Amendment. Further, he alleges defendant was a corpo-

ration operating and existing under color of state law therefore defendant's actions constituted "state action." He claims defendant's actions constitute violation of both the 14th Amendment and § 1983.

■ Implicit in claims under both the 14th Amendment and § 1983 is the concept of "state action" or, said another way, action done "under color of state law." As stated in *Parks v. "Mr. Ford"*, 386 F.Supp. 1251 (D.Ct. E/D Pa.1975) (plaintiffs were tenants in apartments and defendants were corporations who owned and operated numerous apartment units):

"It has been settled for nearly one hundred years that the proscription of the Fourteenth Amendment applies only to such action as may be attributed to the states, and does not inhibit, of its own force, the conduct of private individuals. [Citations omitted.] The state action requirement of the Fourteenth Amendment is functionally equivalent to the requirement of § 1983 that the challenged conduct be 'under color of state law.'" [Citations omitted.]

Id. at p. 1259. See also *Perez v. Sugarman*, 499 F.2d 761 (2nd Cir. 1974); *Watson v. Kenlick Coal Co.*, 498 F.2d 1183 (6th Cir. 1974).

■ It is the opinion of this court that the incorporating laws of state governing the creation of a private manufacturing corporation and Alabama's laws governing the qualifications to do business in Alabama do not raise the actions of the defendant to the level of the requisite "state action" as required by both the 14th Amendment of the Constitution and 42 U.S.C. § 1983. See also *Ward v. St. Anthony Hospital*, 476 F.2d 671 (10th Cir. 1973) (that private non-profit hospital was exempt from state and federal taxes, received substantial funds from the Medicaid and Medicare, and was subject to exhaustive state and federal regulations did not transform it into arm of state for purpose of invoking federal jurisdiction); *Chicago Joint Bd., Amalgamated Clothing Workers of America v. Chicago Tribune Co.*, 435 F.2d 470 (7th Cir. 1970) (use tax exemption represents a "state involvement" in

limited sense but not to a degree which constitutes state participation in conduct or action.)

 It is the opinion of this court that the action of the State of Alabama in authorizing the defendant to do business herein, does not constitute the requisite "state action" to sustain plaintiff's 14th Amendment and § 1983 claims.[1] The defendants' motion to dismiss as to these claims must be granted.

It is therefore ORDERED, ADJUDGED, and DECREED, that defendant's motion to dismiss is due to be, and is hereby, GRANTED.

---

1. This court feels that its treatment of the plaintiff's 14th Amendment and § 1983 claims pretermit the statute of limitations question as it applies to the § 1983 allegations. However, it is the opinion of this court that under the allegations of this complaint the pertinent limitations period is the one year statute, T. 7, § 26, Code of Alabama (1958).