The NATIONAL COWBOY HALL OF FAME AND WESTERN HERITAGE CENTER, Petitioner,

v.

STATE of Oklahoma ex rel. the OKLAHOMA HUMAN RIGHTS COMMISSION, Respondent.

No. 51588.

Supreme Court of Oklahoma.

May 23, 1978.

Jopling, Blankenship & McKee by R. C. Jopling, Jr., Oklahoma City, for petitioner.

Larry Derryberry, Atty. Gen. of Oklahoma and Nathan J. Gigger, Asst. Atty. Gen., Chief, Civil Division, Oklahoma City, for respondent.

BARNES, Justice:

This is an appeal from an Interlocutory Order of the District Court of Oklahoma County, Oklahoma. This Court granted Certiorari to review the Interlocutory Order on February 15, 1978. This opinion is written for the purpose of clarifying the law; but, for reasons hereinafter set forth, the relief sought by Petitioner is denied.

The question now before us evolved out of Respondent's action on behalf of a complainant, Ema Jean Hollingsworth, who was an unsuccessful female applicant for employment with Petitioner in August, 1973, and seeking enforcement of Respondent's order in complainant's favor, which order, dated March 15, 1977, requested a mandatory injunction against Petitioner requiring it to cease and desist from alleged discriminatory hiring practices against women, and for money judgment in favor of the complainant. Petitioner thereafter filed its Special Appearance and Plea to Jurisdiction, which was overruled by the Trial Court on October 13, 1977. That order was certified on October 31, 1977, for immediate appeal pursuant to 12 O.S.1971, § 952(b)(3), and the Rules of the Supreme Court.

The facts are that in August, 1973, complainant Hollingsworth applied for employment as Public Relations Director for Petitioner, The National Cowboy Hall of Fame and Western Heritage Center, was one of

several applicants, but was not hired. On or about October 22, 1973, complainant Hollingsworth filed a discrimination complaint with Respondent, Oklahoma Human Rights Commission. On November 15, 1973, a copy of the discrimination complaint was mailed to and received by Petitioner.

In June, 1974, Petitioner received written interrogatories from Respondent Commission. On January 28, 1975, Petitioner received a further communication from the Director of Respondent Commission stating he would "schedule a hearing at the earliest possible date or refer this complaint to the Federal Agency." A reply to the letter was made by Petitioner on February 7, 1975.

Nothing further was received by Petitioner until June 23, 1975, when Director of Respondent Commission forwarded a "Case Summary" which suggested a "* * * collective effort toward joint resolution of the matter to eliminate the unlawful employment practices."

The next communication received by Petitioner was the notice of hearing, postmarked September 8, 1975, advising Petitioner of a hearing before a majority of the members of Respondent Commission on October 22, 1975. Subsequent to the hearing and a review of the evidence presented, the Hearing Commissioner, in accordance with 25 O.S.1971, § 1505(a), submitted Findings of Fact and Conclusions of Law to the Respondent Commission, reflecting that Petitioner had engaged in a discriminatory action against complainant Hollingsworth, in violation of 25 O.S.1971, § 1101, et seq., and specifically § 1302, relating to employment discrimination based on sex.

When Petitioner then failed to eliminate the discriminatory employment practice by "conference, conciliation or persuasion," the Respondent, acting as authorized by 25 O.S. 1971, § 1505(b), issued an Order on March 15, 1977, requiring Petitioner to cease and desist from the discriminatory hiring practices. Thereafter, the Respondent instituted in the District Court of Oklahoma County an action to enforce such order.

Subsequently, Petitioner filed in the District Court its Special Appearance and Plea to the Jurisdiction, alleging that, since no hearing was held within sixty (60) days after the complaint was filed, the Trial Court was without jurisdiction. This plea was later supplemented by adding the argument that the action was barred by the general civil procedure limitation provision of 12 O.S.1971, § 95(3). A hearing was held on the plea on October 13, 1977, at which time the Court overruled the Petitioner's motion for lack of merit. That order is the subject of this appeal.

Under its first proposition, the Petitioner argues the notice and hearing before the Commission on October 22, 1975, was unauthorized for failure to comply with 25 O.S. 1971, § 1503, and there was no valid order of the Respondent Commission before the Trial Court, which, therefore, is without jurisdiction to proceed. Petitioner cites no cases to support its position, but relies on the express language and meaning of 25 O.S.1971, §§ 1502, and 1503, which provide in part as follows:

"§ 1502. Proceedings after complaint

"(a) A person claiming to be aggrieved by a discriminatory practice, his attorney, the Attorney General, a nonprofit organization chartered for the purpose of combatting discrimination or a member of the Commission, may file with the Commission a written sworn complaint stating that a discriminatory practice has been committed, and setting forth the facts upon which the complaint is based, and setting forth facts sufficient to enable the Commission to identify the person charged, hereinafter called the respondent. The Commission or a member of the Commission or the staff shall promptly furnish the respondent with a copy of the complaint and shall *promptly investigate the allegations of discriminatory practice set forth in the complaint.* The complaint must be filed within one hundred eighty (180) days after the alleged discriminatory practice occurs.

"(b) If within sixty (60) days after the complaint is filed it is determined by the Commission or a member of the Commission or the staff that there is no reasona-

ble cause to believe that the respondent has engaged in a discriminatory practice, the Commission shall issue an order dismissing the complaint and shall furnish a copy of the order to the complainant, the respondent, the Attorney General and such other public officers and persons as the Commission deems proper.

"(c) The complainant, within thirty (30) days after receiving a copy of an order dismissing the complaint, may file with the Commission an application for reconsideration of the order. Upon such application, the Commission or a designated member of the Commission shall make a *new determination whether there* is a reasonable cause to believe that the respondent has engaged in a discriminatory practice. If it is determined within thirty (30) days after the application is filed that there is no reasonable cause to believe that the respondent has engaged in a discriminatory practice, the Commission shall issue an order dismissing the complaint and furnish a copy of the order to the complainant, the respondent, the Attorney General, and such other public officers and persons as the Commission deems proper. Laws 1968, c. 388, § 502. Amended by Laws 1973, c. 195, § 4, emerg. eff. May 16, 1973."

"§ 1503. Hearing

"(a) *Within sixty (60) days after a complaint is filed,* unless the Commission has issued an order dismissing the complaint or within thirty (30) days after an application for review is filed under Section 502(c), *the Commission shall serve on the respondent by certified mail a written notice,* together with a copy of the complaint as it may have been amended *requiring the respondent to answer the allegations of the complaint at a hearing before a majority of the members of the Commission at a time and place specified in the notice.* A copy of the notice shall be furnished to the complainant and the Attorney General. The notice shall conform to and the hearing shall be conducted in accordance with the Oklahoma Administrative Procedures Act." (Emphasis ours.)

Petitioner points out that the complaint was filed with Respondent October 22, 1973; notice of hearing was mailed September 8, 1975, advising of a hearing on October 22, 1975. Petitioner urges this was an obvious delay of almost two years, which was so excessive, unreasonable, and unexcused that the express language of the statute must be invoked and the case dismissed.

In answer to this argument, Respondent relies entirely on Attorney General Opinion No. 70–144, construing and interpreting the above statute. In that opinion the following question was asked:

"If in a particular case or cases, this required action is not completed within the sixty (60) day period because the Human Rights Commission, due to limitations, is physically unable to do so, will the Commission then lose jurisdiction in the matter(s)?"

The Attorney General's Opinion answered as follows:

"It is therefore the opinion of the Attorney General in answer to your first question that it is the duty of the Oklahoma Human Rights Commission to serve written notice by certified mail upon the respondent within sixty (60) days after the complaint is filed as required by 25 O.S.Supp., § 1503. The failure to do so could subject the Commission to mandamus proceedings. *Board of Commissioners of Carter County v. Worten,* 128 Okl. 104, 261 P. 553. A failure to serve written notice by certified mail upon the respondent within sixty (60) days after the complaint is filed does not cause the Commission to lose jurisdiction of the subject matter. * * *"

█ In analyzing the weight to be given to an Attorney General's opinion, it is to be noted such opinions are persuasive authority. This Court has held that silence by the Legislature may be regarded as acquiescence or approval of the interpretation placed upon the provision by the Attorney General. *Terry v. Edgin,* 561 P.2d 60 (Okl. 1977).

■ We find the above Attorney General's Opinion persuasive on the question of whether the Trial Court has jurisdiction in the instant case. We therefore hold that the Commission did not lose jurisdiction of the subject matter even though the Commission did not serve on the Petitioner a notice requiring the Petitioner to answer within sixty days.

■ Under its second proposition, the Petitioner argues this action is barred by 12 O.S.1971, § 95, which provides in pertinent part:

"Civil actions, other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued and not afterwards:

\* \* \* \* \* \*

"Third. Within two (2) years: \* \* \* an action for injury to the rights of another, not arising on contract, \* \* \*."

In support thereof, Petitioner relies on a number of federal cases, such as *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). That case was brought by a former black employee against his employer and various unions for alleged employment discrimination. Certiorari was granted, restricted to the issue of whether a claim asserted under the Civil Rights Act of 1866 was time barred, i. e., more specifically whether the timely filing of a charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC) tolled the running of the limitation period applicable to an action based on the same facts instituted under 42 U.S.C. § 1981.

Petitioner urges that in the *Johnson case, supra*, the Supreme Court of the United States specifically applied the applicable Tennessee Statute of Limitations, which was one year, so that where the Petitioner had waited over three and one-half years after his cause of action for discrimination had accrued before instituting his Section 1981 action, the suit was time barred by the one year limitation imposed by applicable State law, notwithstanding the fact the Petitioner had filed his Title VII charge before the limitation period had run.

In reviewing *Johnson, supra,* and the other federal cases relied on by Petitioner herein, we find them distinguishable on facts and federal issues involved. We note a number of the cases relied on cite *Johnson, supra,* where the Court said that the remedies available under Title VII and under § 1981, although related and directed to most of the same ends, are separate, distinct, and independent.

The Court further held therein that timely filing of an employment discrimination charge with EEOC, pursuant to equal employment opportunity provisions of the 1964 Civil Rights Act (Title VII), did not toll the running of the limitation period applicable to an action based on the same facts brought under 42 U.S.C. § 1981.

We do not think that case supports Petitioner's second proposition because, while the statute is not tolled as it relates to § 1981 cases, it is clear that Title VII actions are not barred. As stated by the Court in *Johnson, supra* :

"Congress clearly has retained § 1981 as a remedy against private employment discrimination separate from and independent of the more elaborate and time-consuming procedures of Title VII. Petitioner freely concedes that he could have filed his § 1981 action at any time after his cause of action accrued; in fact, we understand him to claim an unfettered right so to do. Thus, in a very real sense, petitioner has slept on his § 1981 rights. The fact that his slumber may have been induced by faith in the adequacy of his Title VII remedy is of little relevance inasmuch as the two remedies are truly independent."

This position was followed in *Wright v. St. John's Hospital*, 414 F.Supp. 1202 (N.D.Okl. 1976), where plaintiff alleged she was discriminatorily discharged by her employer for the reason she was black, and brought an action under both Title VII and 42 U.S.C. § 1981. There, the Court dismissed the action based on § 1981 as barred by the applicable State statute of limitations, but

the motion to dismiss the Title VII action was overruled.

We find these cases supportive of Respondent's contention that the statute of limitations had not run on this action. We therefore hold that the ruling of the District Court was correct and that the interlocutory appeal is without merit.

CERTIORARI GRANTED; TRIAL COURT'S ORDER AFFIRMED.

HODGES, C. J., LAVENDER, V. C. J., and DAVISON, WILLIAMS, SIMMS and DOOLIN, JJ., concur.

IRWIN and BERRY, JJ., dissent.