Jacob Harold Reach had been employed as a deputy sheriff for Jefferson County, Alabama, for six years prior to his dismissal by the sheriff on July 24, 1975. Reach was given a written statement of the reasons for his dismissal but was not given a hearing prior to termination. After his dismissal, he filed notice of appeal with the Personnel Board of Jefferson County on August 1, 1975. He also brought an action, based on42 U.S.C. § 1983, in federal district court seeking injunctive relief and damages from Jefferson County, Sheriff Melvin Bailey and the Personnel Board.
At the outset of the Personnel Board hearing, Reach moved for summary reinstatement based on Sheriff Bailey's failure to conduct a pre-termination hearing. The Board took the motion under consideration but indicated its view that the denial of due process in Reach's dismissal was relevant only to whether back pay was justified upon a finding that Reach should be reinstated "on the evidence." The Board never addressed this motion again.
After a full evidentiary hearing on October 27, 1975, the Personnel Board issued its order holding Reach's dismissal proper. Reach appealed this decision to a three-judge panel as provided in Vol. 14, Code of Alabama app., § 666 (Recompiled 1958). On June 7, 1976, while the Personnel Board's decision was pending before the circuit court panel, the federal court rendered its decision in the § 1983 action declaring Reach's July 24th dismissal void as a violation of due process. The federal court specifically declined to award back pay, citingThurston v. Dekle, 531 F.2d 1264, 1269 (5th Cir. 1976).
In response to the federal court's decision, Sheriff Bailey reinstated Reach on June 16, 1976.
On September 1, 1976, the circuit court panel ordered the cause remanded to the Personnel Board ". . . for further proceedings consistent with the due process directives contained in [the federal court's] opinion." Since that time, the Personnel Board has taken no further action in the remanded cause. *Page 252 
Reach petitioned both the Personnel Board and Jefferson County for back pay for the period July 24, 1975, through June 7, 1976. The Personnel Board denied his petition; Jefferson County ignored it. Subsequently, Reach filed the instant action on October 25, 1976, against Jefferson County seeking damages for his wrongful dismissal of July 24, 1975. Sheriff Bailey and the Personnel Board were joined as defendants but were later dismissed as parties upon their respective motions. On March 24, 1978, judgment was rendered for Reach against Jefferson County in the sum of $12,454.50 and costs. Jefferson County appealed from that judgment.
Jefferson County contends that Reach's claim for damages is a tort action and that the one-year statute of limitations provided in Code of Alabama, Title 7, § 26 (Recompiled 1958) (now § 6-2-39, Code of Alabama 1975), had run before this action was filed. Reach counters that his claim is ex contractu and is thus controlled by Code of Alabama, Title 7, § 21 (Recompiled 1958) (now § 6-2-34, Code of Alabama 1975), and was timely commenced within that provision's six-year period.
The distinction between a claim ex contractu and one exdelicto is found in the nature of the grievance. Where the wrong results from a breach of a promise, the claim is excontractu. However, if the wrong springs from a breach of a duty either growing out of the relationship of the parties, or imposed by law, the claim is ex delicto. Sewell v. Grand Lodgeof Int'l Ass'n of Mach. Aero. Workers, 445 F.2d 545 (5th Cir. 1971), cert. denied 404 U.S. 1024, 92 S.Ct. 674, 30 L.Ed.2d 674
(1972); United States F. G. Co. v. Birmingham Oxygen Serv.,Inc., 290 Ala. 149, 274 So.2d 615 (1973); Paul v. EscambiaCounty Hospital Board, 283 Ala. 488, 218 So.2d 817 (1969);Vines v. Crescent Transit Co., 264 Ala. 114, 85 So.2d 436
(1956).
The wrong of which Reach complains is that his dismissal from the Sheriff's Department, without being afforded a hearing, violated due process of law under both the Alabama Constitution and the United States Constitution. Clearly, this wrong arises from a breach of duty imposed by law. As such, Reach's claim for relief is ex delicto and is subject to the one-year statute of limitations.
The one year began to run on July 24, 1975, the day on which both the injury and wrongful act occurred. Michael v. Parsons, 589 F.2d 853 (5th Cir. 1978); Brotherhood of Locomotive Firemen Eng. v. Hammett, 273 Ala. 397, 140 So.2d 832 (1962). Because Reach's action was not filed until October 25, 1976, the claim is barred unless the one-year statute of limitations was tolled or suspended. Was the statute tolled by Reach having sought administrative review or by commencing his action in the federal court?
Vol. 14, Code of Alabama app., § 666 (Recompiled 1958), provides in part:
 "An appointing authority may dismiss or demote an employee holding permanent status for just cause whenever he considers the good of the service will be served thereby, for reason stated in writing, served on the affected employee, and a copy furnished to the director, which action shall become a public record. The dismissed or demoted employee may within ten days after notice, appeal from the action of the appointing authority by filing with the board and the appointing authority a written answer to the charges. The board must order a public hearing of such charges, and if the board finds the employee not guilty, the board shall order the reinstatement of the employee under such conditions as the board may determine. If the board finds the employee guilty, the board shall determine whether the employee shall be dismissed, demoted, suspended, or otherwise disciplined. . . ."
While Reach was not limited to review of his alleged wrongful dismissal by the Personnel Board, his election to do so tolled the statute of limitations during the pendency of the administrative proceedings. Pettway v. American Cast Iron PipeCo., 494 F.2d 211, rehearing denied, *Page 253 
494 F.2d 1296 (5th Cir. 1974); Coppotelli v. Howlett, 76 F.R.D. 20
(E.D.Ill. 1977); Hunter v. United States, 417 F. Supp. 272
(N.D.Cal. 1976); National Cowboy Hall, etc. v. State, etc.,579 P.2d 1276 (Okla. 1978); A. Teichert Son, Inc. v. State,238 Cal.App.2d 736, 48 Cal.Rptr. 225 (1965).
In moving for reinstatement before the Board based on a failure to conduct the required pre-termination hearing, Reach questioned the propriety of the dismissal from which he appealed. By doing so, he sought a determination that his dismissal was invalid and that he was entitled to reinstatement with back pay to July 24, 1975. The effect of this motion was to place before the Personnel Board the same grievance, claimed against the same party, as he now raises. We hold that the one-year period was tolled as of that date, October 16, 1975.
Jefferson County next contends that the trial court erroneously dismissed indispensable parties, the Personnel Board and its Director, and the judgment should, therefore, be reversed. The County claims that the Personnel Board and its Director are made indispensable parties by the operation of Vol. 14, Code of Alabama app., § 668 (Recompiled 1958), which reads in part:
 "It shall be unlawful for the fiscal officer of either a county or any municipality affected by this subdivision to draw, sign, issue or authorize the drawing, signing, or issuing of any warrant on the treasurer or other disbursing officer of either the municipality or the county for the payment of or for the treasurer or other disbursing officer to pay any salary or compensation to anyone holding any position subject to the provisions of this subdivision unless the estimate, payroll, warrant, or account for such salary or compensation containing the name of the person to be paid shall bear the certification of the director of personnel, that the person or persons named in the estimate, payroll, warrant, or account are holding hereunder and are legally entitled to receive the sums stated therein. . . ."
Reach had not received a certificate of entitlement to salary or compensation from the Director of the Personnel Board. The County submits that relief cannot be granted without either the necessary certificate or the Director and the Board before the court. In support of its position, the County cites Bryant v.Hallmark, 257 Ala. 677, 60 So.2d 855 (1952). In Bryant, the court considered the claim of a city employee seeking payment for services rendered during hours in which he worked overtime. Because the employee had not been certified to receive payment by the Director of the Personnel Board, as required by § 668, supra, he could not prevail. As noted by the Bryant court, the employee's remedy was provided by § 668, ". . . `If the director wrongfully withholds certification of the payroll voucher or account of any employee, such employee may institute a proceeding to compel the director to certify such payroll voucher or account.'" (257 Ala. at 678, 60 So.2d at 856)
While we agree with the Bryant decision, it is inapplicable to the instant case. The claim presented in Bryant was one in assumpsit or implied contract. Bryant, supra at 679,60 So.2d 855. It was based on a right to receive compensation earned by the employee. Reach's claim is ex delicto. He seeks damages for the injury caused by the failure to afford him due process resulting in his wrongful dismissal. He is not required by § 668 to secure the certification of the Director of the Personnel Board as a prerequisite to the recovery of such damages. Therefore, neither the Personnel Board nor its Director is an indispensable party.
Finally, the County argues that the trial court's judgment should be reversed because there was no intentional violation of due process and such an award of back pay would be inequitable. The County submits that, in dismissing Reach, all of the requirements of the Civil Service Rules and Regulations were obeyed. It is emphasized by the County that, prior to Reach's action in federal district court, there was no judicial or legislative pronouncement that a *Page 254 
pre-termination hearing was a prerequisite to the dismissal of a deputy sheriff. See: Guthrie v. Civil Service Board of theCity of Jasper, 342 So.2d 372 (Ala.Civ.App. 1977); Simpson v.Van Ryzin, 289 Ala. 22, 265 So.2d 569 (1972). Therefore, the County submits that the position espoused in Jinks v. Mays,464 F.2d 1223 (5th Cir. 1972), should be adopted and damages for back pay denied.
We disagree. The trial court found that Reach had been dismissed without a pre-termination hearing and that he thereby suffered lost wages. This dismissal has been held a violation of due process by the federal district court and we also recognize it as a wrongful act. To deny Reach damages would be to hold that if one injures another by a wrongful act done in good faith, the wrongdoer may escape liability.
We agree with the County, however, that the trial court erred in awarding back pay from July 24, 1975, the date of Reach's wrongful dismissal, to June 7, 1976, the date of his reinstatement by Sheriff Bailey. The damage award should have covered only the period from July 24, 1975, to October 27, 1975, the date on which the Personnel Board made its decision to dismiss Reach after he was given a full evidentiary hearing.
The wrong of which Reach complains is his dismissal from employment without an opportunity to respond to the charges of misconduct. The proper period for measuring damages is the time during which he was denied wages beginning on the day of his wrongful dismissal and ending on the day the Personnel Board filed its decision after affording him a full hearing. Thurstonv. Dekle, supra at 1269; Barber v. State Personnel Board,18 Cal.3d 395, 134 Cal.Rptr. 206, 556 P.2d 306 (1976); Skelly v.State Personnel Board, 15 Cal.3d 194, 124 Cal.Rptr. 14,539 P.2d 774 (1975); Arnett v. Kennedy, 416 U.S. 134,94 S.Ct. 1633, 40 L.Ed.2d 15 (1974); Tudor v. University Civil ServiceMerit Board, 131 Ill. App.2d 907, 267 N.E.2d 341 (1971).
Therefore, we affirm the trial court's order awarding damages but reverse and remand for a determination of the amount of damages due for the period in which Reach was improperly denied his wages, i.e., from July 24, 1975, to October 27, 1975.
AFFIRMED IN PART: REVERSED IN PART AND REMANDED.
JONES, EMBRY and BEATTY, JJ., concur.
MADDOX, J., concurs in result.