**Betty Q. Keasler RUBIN,
Plaintiff-Appellant,**

v.

**Marie L. O'KOREN et al.,
Defendant-Appellee.**

**No. 78-3300.**

United States Court of Appeals,
Fifth Circuit.
Unit B

May 11, 1981.

---

Gould H. K. Blair, Birmingham, Ala., for plaintiff-appellant.

Robert W. Patrick, Mark R. Swanson, Atlanta, Ga., for L. Burke Lewis, amicus curiae.

Ina Leonard, Birmingham, Ala., for defendant-appellee.

Before SIMPSON, HILL and HATCHETT, Circuit Judges.

HATCHETT, Circuit Judge:

This is an appeal from a district court order dismissing a 42 U.S.C. 1983 action on the ground that the claim was not filed within the applicable statute of limitations period. Because we find the § 1983 action timely filed, we reverse and remand.[1]

After being dismissed from her employment as a full-time instructor at the University of Alabama, Betty Q. Keasler Rubin brought suit in federal district court for reinstatement and damages under 42 U.S.C. § 1983. On February 14, 1975, the University notified Mrs. Rubin that upon expiration of her current contract in September, 1975, it would not be renewed for the succeeding year. The University provided a one-year notice period, which she completed on March 12, 1976. Shortly thereafter, Rubin filed an administrative complaint with a University grievance committee which upheld her dismissal in February, 1977. On October 11, 1977, Rubin brought this 42 U.S.C. § 1983 action in federal court alleging that her termination abridged her constitutional right to due process of law in violation of the fourteenth amendment to the Constitution of the United States. The

---

1. We granted rehearing to reconsider the law of Alabama and the effects of *Patsy v. Florida* *International University*, 634 F.2d 900 (5th Cir. 1981) (en banc).

court granted a motion to dismiss for failure to file within the one-year statute of limitations period required by Alabama statute.[2]

Rubin filed her suit in federal court over a year and a half after her last day of employment with the University. The grievance procedure, however, was filed less than one month after the cause of action accrued. Rubin argues that by filing her administrative grievance with the University she tolled the running of the statutory period.

We must decide whether the administrative grievance procedure tolled the running of the statute of limitations period.

■ The district court correctly applied Alabama law to determine the applicable statutory limitations period. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1979); *Kissinger v. Foti*, 544 F.2d 1257 (5th Cir. 1977). It is well-established that "in a § 1983 action a federal court looks to state law for the appropriate limitations period." *Ehlers v. City of Decatur*, 614 F.2d 54, 55 (5th Cir. 1980); *Prince v. Wallace*, 568 F.2d 1176 (5th Cir. 1978). Because Rubin's suit represents an action for "injury to the person or rights of another not arising from contract," we agree with the district court that the one-year statutory period set forth in Title 6 § 6–2–39(a)(5), Code of Alabama (1975), is applicable. See *Ingram v. Steven Robert Corp.*, 419 F.Supp. 461 (S.D.Ala.1976), aff'd 547 F.2d 1260 (5th Cir. 1977); *Sewell v. Grand Lodge of the International Association of Machinists and Aerospace Workers*, 445 F.2d 545 (5th Cir. 1971).

The trial court found that Rubin's cause of action commenced on March 12, 1976, the last day of her employment. The University agrees. Rubin, however, contends that accrual commenced only upon completion of the processing of the grievance procedure.

■ We agree with the trial court that Rubin's cause of action did not accrue until her last day of employment. Such a finding is consistent with *Delaware State College v. Ricks*, 449 U.S. ——, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980).

Under *Ricks*, where the challenged practice occurs before the date of termination of employment, and the complaint fails to point to any injurious act after the challenged practice, the date of the challenged act is the date the cause of action accrues.

Unlike the complaint in *Ricks*, Rubin's complaint alleges numerous injurious acts that occurred in the period between, and including, her termination notification on February 14, 1975, and her last day of employment on March 12, 1976. The *Ricks* Court found that the limitations period began to run upon initial notice and not upon the last day of employment because "the only alleged discrimination [injurious act] occurred . . . at the time the tenure decision was made and communicated to Ricks." 101 S.Ct. at 504. Such is not the case with Rubin.

■ Alabama law determines whether the filing of the administrative grievance tolled the one-year limitations period. This is true because federal courts, in § 1983 actions, must not only apply the appropriate state statute of limitations, but also must apply the applicable state rule for tolling that statute of limitations. *Board of Regents v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980). *Tomanio* also requires that the state tolling rule not be inconsistent with the policies underlying § 1983 as an independent federal remedy.

■ The Supreme Court of Alabama has held that pursuit of a grievance procedure tolls the applicable statute of limitations. *Jefferson County v. Reach*, 368 So.2d 250 (Ala.1978). In *Reach*, a former deputy sheriff filed an action for damages for an alleged wrongful dismissal. Prior to filing that action, Reach sought administrative review by the county personnel board. In

2. Title 6, § 6–2–39(a)(5), Code of Alabama (1975), provides:

(a) The following must be commenced within one year:

(5) Actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section[.]

determining that his action for damages was not time-barred, the Supreme Court of Alabama concluded that "[w]hile Reach was not limited to review of his alleged wrongful dismissal by the Personnel Board, his election to do so tolled the statute of limitations during the pendency of the administrative proceedings." 368 So.2d at 252. This Alabama tolling procedure is consistent with the policies underlying § 1983 as articulated in *Tomanio*. It follows that Rubin's pursuit of her administrative grievance with the University tolled the prescriptive period. Her action therefore was timely filed.

Rubin also claims that in reasonable reliance on statements made by University administration officials she concluded her administrative grievance before filing her federal claim. She asserts that, as a result, the appellees are estopped to claim the statute of limitations defense. Because we find that Rubin timely filed her § 1983 action, we need not address this assertion.

Accordingly, we reverse the district court's order dismissing Rubin's complaint.

REVERSED AND REMANDED.

JAMES C. HILL, Circuit Judge, specially concurring:

I am troubled by a sense of some tension between our opinion in this case and the Supreme Court's holding in *Delaware State College v. Ricks*, 449 U.S. ——, 101 S.Ct. 498, 66 L.Ed.2d 431, not yet three months old. I am, however, persuaded that Judge Hatchett has correctly differentiated the cases for our panel. I concur with these additional observations.

My reading of *Delaware State College* is that Ricks' injury was inflicted, completely, when tenure was denied and he was notified of the denial. Theretofore, he had substantial expectation of tenure; thereafter he had no basis for such expectation. His being given a one year terminal contract before ending his employment relationship with the college was in no way inconsistent with the finality of his injury. Indeed it appears that such further employment, under the practices at that institution, confirmed the lack of tenured status and did not reflect tentativeness. The deprivation of which Ricks complained was not employment *per se*, but tenured employment even though the damages flowing from the already inflicted injury may have been measured by loss of employment, itself.

In *Delaware State College*, the Court emphasized the significance of locating the precise civil rights violation alleged. The date of that violation commenced the appropriate state limitations period. Plaintiff's cause of action would have survived in that case had he "identified the alleged discriminatory acts that continued until, or occurred at the time of, the actual termination of his employment." 101 S.Ct. at 504 (footnote omitted). In the case before, us plaintiff's complaint fairly read, alleges, *inter alia*, that defendants unlawfully failed to provide her with a hearing or notice of the charges that resulted in her dismissal. These alleged violations clearly continued until February 1977, when her dismissal was upheld by the university grievance committee [1]. Plaintiff's complaint, filed some eight months later, was timely without regard to the Alabama law of tolling.

---

1. In *Delaware State College*, the Court observed that a "grievance procedure, by its nature, is a *remedy* for a prior decision, not an opportunity to *influence* that decision before it is made." 101 S.Ct. at 506 (emphasis in original). My analysis does not in the least bit conflict with that statement because of the cru-cial distinction between *Delaware State College* and the case before this Court, namely, that here the precise civil rights violations complained of occurred not only *prior* to the grievance procedure but also *within* the grievance procedure itself.