**Willie Mae WILLIAMS,**
**Plaintiff–Appellant,**

v.

**CONOCO, INC., Defendant–Appellee.**

**No. 88–4444**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 2, 1988.

---

Alfred F. Boustany, II, Lafayette, La., for plaintiff-appellant.

Keith M. Pyburn, Jr., Andrew P. Burnside, McCalla, Thompson, Pyburn & Ridley, New Orleans, La., for defendant-appellee.

Before REAVLEY, POLITZ and JONES, Circuit Judges.

REAVLEY, Circuit Judge:

This appeal raises the issue of when the Louisiana statute of limitations begins to run in an action under the state antidiscrimination law. The district court held that the action was time-barred and dismissed the suit with prejudice. We AFFIRM.

The appellant, a black woman, had been employed by Conoco in its Lafayette, Louisiana, office for over eight years and had received excellent job performance reviews. On November 3, 1986, her supervisor informed her that she would be laid-off, effective December 31, 1986. Conoco retained the position that the appellant had held and replaced appellant with a white employee who had been with Conoco for less than a year. On December 28, 1987, the appellant filed suit for racial discrimination under state law in the Fifteenth Judicial District Court for the Parish of Lafayette, Louisiana. Subsequently, Conoco removed the action to the United States District Court for the Western District of Louisiana.

The state antidiscrimination law, La.Rev. Stat.Ann. § 23:1006(B)(1) (West 1985), provides that it shall be unlawful discrimination in employment for an employer to intentionally discharge an individual because of race. A cause of action under § 23:1006 is a tort and is thus governed by Louisiana's one year statute of limitations. *See Dixon v. Roque,* 503 So.2d 659, 660 (La.Ct. App.1987). The Louisiana statute, La.Civ.

Code Ann. art. 3492 (West Supp.1988), provides that "[d]elictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." The appellant filed her suit within one year of her discharge but not within one year of notification that she would be discharged. Thus this case turns on whether the prescriptive period begins to run at notification or at discharge for purposes of § 23:1006.

No cases construing Louisiana law answer this question.[1] Louisiana courts, however, will look to the interpretation of similar federal statutes, in this case federal antidiscrimination statutes, as authority in interpreting Louisiana statutes. One Louisiana court has noted:

> The Louisiana antidiscrimination statute is similar in scope to the federal prohibitions against discrimination embodied in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (1986). As we have in the past, we will look to the federal statute in determining whether plaintiff has asserted a cause of action for ... discrimination.

*Bennett v. Corroon & Black Corp.,* 517 So.2d 1245, 1246 (La.Ct.App.1987), *writ denied,* 520 So.2d 425, (La.1988); *see Dawson v. New Orleans Clerks & Checkers Union, Local 1497 Int'l Longshoremen's Ass'n, AFL–CIO,* 483 So.2d 249, 250 (La.Ct.App. 1986); *see also Louisiana Power & Light Co. v. United Gas Pipe Line Co.,* 493 So.2d 1149, 1158 (La.1986) (holding that the United States Supreme Court's interpretation of the Sherman Antitrust Act is "a persuasive influence" on the interpretation of the state counterpart); *Giroir v. South La. Medical Center,* 475 So.2d 1040, 1042 (La. 1985) (holding that federal interpretation of Fed.R.Civ.P. 15 is "strongly persuasive as to the meaning and application" of the Louisiana counterpart).

In holding that the prescriptive period begins running at the date of notification,

---

1. It has long been held that the prescriptive period commences on the date that the injured party has actual or constructive knowledge of the facts that would entitle him to bring suit. *E.g., Dixon,* 503 So.2d at 660. But this discovery rule is usually employed to delay the running of the prescriptive period until the plaintiff has knowledge of the injury. If the injury under § 23:1006 is the actual discharge, it is unclear under Louisiana law whether knowledge of potential injury starts the prescriptive period running before the date of the actual injury.

rather than the date of discharge, the district court was persuaded by the reasoning of the United States Supreme Court in *Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980). In *Ricks*, a black Liberian college professor was denied tenure on allegedly discriminatory grounds; he was thereafter offered a one year terminal teaching contract. Ricks filed his complaint with the EEOC during his employment under the terminal contract. The eventual suit arising out of the complaint was challenged as time-barred because Ricks had not filed the complaint within the required 180 days after notice of the denial of tenure. Ricks countered that the limitations period did not start running until his employment actually terminated. The Supreme Court rejected that argument, holding that "[m]ere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination." *Id.* at 257, 101 S.Ct. at 504. The Supreme Court held that the discriminatory act occurred, and thus the limitations period commenced running, at the time of notification, not at the time the consequences of the acts became most painful. *Id.*

The appellant argues that *Ricks* should not control because the plaintiff in *Ricks* sued for denial of tenure, not termination of employment; and the denial of tenure was complete upon notification, whereas the discriminatory discharge was not complete until the employment actually terminated.[2] Subsequent Supreme Court interpretation of the *Ricks* decision, however, clearly contradicts the appellant's argument. In *Chardon v. Fernandez*, 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981) (per curiam), the Supreme Court held that *Ricks* requires that the statute of limitations in a Title VII case begin running at the time of

notification, rather than at the time of termination:

> In the cases at bar, respondents were notified, when they received their letters, that a final decision had been made to terminate their appointments. The fact that they were afforded reasonable notice cannot extend the period within which suit must be filed.

*Id.* at 8, 102 S.Ct. at 29. Similarly, this circuit has held that the limitations period begins to run when "the complainant knows or reasonably should know that the challenged act has occurred." *McWilliams v. Escambia County School Bd.*, 658 F.2d 326, 328 n. 1 (5th Cir. Unit B Oct. 1981).

In an action under § 23:1006 for racial discrimination in the discharge of an employee, the one year prescriptive period begins running upon notification that the employee will be discharged. Appellant's suit was therefore time-barred. The judgment rendered below is AFFIRMED.

---

**2.** The appellant relies in part on dicta in *Rubin v. O'Koren*, 644 F.2d 1023, 1026 (5th Cir. Unit B May 1981) (Hill, J., concurring). The holding of *Rubin* is of no avail to the appellant. The plaintiff in *Rubin* alleged numerous independent and continuing acts of discrimination that occurred in the period between her termination notice and the last day of her employment, thus making the last date of employment the relevant

time for the statute of limitations. *Id.* at 1025. The appellant in this case alleges no similar acts of subsequent discrimination. Moreover, the court in *Rubin* held that the statute of limitations was tolled while the plaintiff pursued a grievance procedure. *Id.* The appellant can advance no similar grounds for tolling the period of prescription, and Louisiana law contains no similar tolling provision.