The plaintiffs appeal from a declaratory judgment entered in favor of the City of Valley. We affirm.
In 1990, residents living south of the City of Valley petitioned to have an election to determine whether the Judge Brown-Ben Road area could be annexed into the city. The proponents took petitions door to door so as to obtain sufficient signatures to satisfy the statutory requirements for annexation. Pursuant to Alabama Code 1975, § 11-42-2(10), owners of at least 60% of the property sought to be annexed consented to the annexation, their consent being evidenced by their signing a petition seeking annexation.
The probate judge of Chambers County was required to verify the names on the annexation petitions and to order an election, because there had been compliance with the applicable statutes. Excell Givorns, Willis Laney, and Hayward Ingram filed a declaratory judgment action challenging the validity of the petition and they sought to enjoin the annexation election. The election was held on October 23, 1990, and the result was in favor of annexation. It is undisputed that Givorns and Ingram were not allowed to vote; they have real property located in the annexed area but do not have a residence on the property annexed. Laney was permitted to vote; his residence is within the area to be annexed.
Givorns and Ingram appeal, arguing that they should have been allowed to vote because, they argue, the election concerned the status of their property. The City of Valley claimed that Givorns and Ingram were not qualified to vote, but that they could have participated in the annexation election by allowing their residences to be included in the area proposed to be annexed; however, by choosing to be excluded, the City argues, they voluntarily relinquished the right to participate in the voting process, which by statute was limited to residents of the area proposed to be annexed.
"Courts should not intervene in council decisions to require the annexation of persons who do not want to be annexed on a theoretical supposition that their votes might have affected the election results. . . ." City of Birmingham v. Wilkinson,516 So.2d 585, 594 (Ala. 1987).
The City of Valley filed a motion for summary judgment, which was granted on June 4, 1991. Pursuant to Rule 56, A.R.Civ.P., our standard of review is whether there was any genuine issue of material fact and, if not, whether the City of Valley was entitled to a judgment as a matter of law. In determining whether there was a genuine issue of material fact, an appellate court is limited to reviewing the factors and the evidence considered by the trial court when it entered the summary judgment. Purvis v. PPG Industries, 502 So.2d 714, 716
(Ala. 1987).
Givorns, Ingram, and Laney contend that the City of Valley was involved in gerrymandering and, therefore, that the election should be declared void. The trial court determined that the annexation was an effort conducted by individuals, not by the City of Valley and that there was no involvement by the City of Valley other than to do those acts statutorily required in connection with the annexation process. We *Page 1340 
agree that the record required such a conclusion. Furthermore, the trial court allowed the plaintiffs additional time to produce evidence to show that the City of Valley had participated in unreasonable gerrymandering or that legal votes had been rejected at the annexation election, and no such evidence was ever produced.
The Fourteenth Amendment to the United States Constitution applies only to such action as may be attributed to the state and does not inhibit the conduct of private individuals.Ingram v. Steven Robert Corp., 419 F. Supp. 461, 463 (S.D.Ala. 1976), affirmed, 547 F.2d 1260 (5th Cir. 1977).
Section 11-42-2, Code of Alabama 1975, states in part:
 "(3) The judge of probate may designate as many places within the territory proposed to be annexed as he may deem necessary for the convenience of the voters and must designate the boundaries within which the voters must reside to vote. . . .
 "(4) Each qualified elector who has resided within the boundaries of the territory proposed to be brought into the city or town for three months next preceding the election may vote at such election, but must vote at the voting place designated by the judge of probate for voters in the territory in which he resides."
This statute applies the residency requirements by limiting the franchise to qualified voters who reside within the boundaries of the area proposed to be annexed.
Givorns and Ingram argue that this statute is unconstitutional and that they have a fundamental right to vote guaranteed by the Equal Protection Clause of the Fourteenth Amendment and that a compelling state interest is required in order to justify the infringement of a fundamental right.San Antonio Independent School District v. Rodriguez,411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973). The right to vote is a "constitutionally protected right to participate in elections on an equal basis with other citizens in the jurisdiction."411 U.S. at 34 n. 74, 93 S.Ct. at 1297 n. 74. In the present case, the jurisdiction consists of the annexed area; those who reside outside the boundaries of the annexed territory do not have a constitutional right to vote, therefore a compelling state interest need not be shown.
The City of Valley need only show that the challenged statute has a rational basis. The restrictions must "bear some rational relationship to a legitimate state purpose," and "the Equal Protection Clause is offended only if the statute's classification 'rests on grounds wholly irrelevant to the achievement of the State's objective.' " Holt Civic Club v.City of Tuscaloosa, 439 U.S. 60, 70-71, 99 S.Ct. 383, 389-390,58 L.Ed.2d 292 (1978).
A rational basis for the restriction in the challenged statute exists. The franchise was limited to residents in the area annexed because it was rationally determined that this area would be the area most directly affected. The evidence showed that the annexation was reasonable in furtherance of legitimate municipal objectives such as the admission of community residents who desired to come into the City of Valley and an extension of the city into areas located in the natural path of expected growth. When an annexation is done for a proper purpose, it does not unconstitutionally exclude voters. This annexation election was a special interest election, and there is a rational basis for limiting the right to vote to the residents of the annexation area.
The United States Supreme Court reinforced the principle that a bona fide residency is the acceptable means of qualifying the right to vote:
 "No decision of this Court has extended the 'one man, one vote' principle to individuals residing beyond the geographic confines of the governmental entity concerned, be it the State or its political subdivisions. On the contrary, our cases have uniformly recognized that a government unit may legitimately restrict the right to participate in its political processes to those who reside within its borders." *Page 1341 
439 U.S. at 68, 99 S.Ct. at 389. Furthermore, geographic residence restrictions in annexation elections do not show invidious discrimination as long as a rational basis exists, because such restrictions are not based upon extraneous conditions such as race, wealth, tax status, or military status. Gordon v. Lance, 403 U.S. 1, 91 S.Ct. 1889,29 L.Ed.2d 273 (1971).
Based on the facts before the trial court when it ruled on the summary judgment motion, we agree that there was no genuine issue of material fact, and, therefore, that the City of Valley was entitled to a judgment as a matter of law. The summary judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and HOUSTON and KENNEDY, JJ., concur.
MADDOX, J., concurs specially.