Lester L. JAY, Plaintiff–Appellant,

v.

INTERNATIONAL SALT CO., and
Akzo America, Inc.,
Defendants–Appellees.

No. 88–4751
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 24, 1989.

Christopher L. Zaunbrecher, Jeansonne & Briney, Lafayette, La., for plaintiff-appellant.

Steven R. Blackburn, Nashville, Tenn., George Arceneaux, III, Liskow & Lewis, Lafayette, La., Martha C. Perrin, Ogletree, Deakins, Nash, Smoak & Stewart, Atlanta, Ga., for defendants-appellees.

Before KING, JOHNSON, and JOLLY, Circuit Judges.

JOHNSON, Circuit Judge:

Plaintiff Lester L. Jay appeals from an order of the district court granting a summary judgment on Jay's claim of age discrimination in favor of defendants International Salt Company and the parent company of International Salt, AKZO America, Inc. (hereafter collectively referred to as ISC).  694 F.Supp. 207.  We affirm.

I.

In May 1985, plaintiff Lester L. Jay was sixty years old and serving as mine manager for ISC at its Avery Island Salt Mine in Louisiana.  It was at this time that ISC officials informed Jay of their decision to replace him as mine manager with a younger individual and to appoint Jay to the position of "general manager—mining and planning."  ISC ultimately replaced Jay as mine manager of the Avery mine in August 1985.

In his new position as general manager of mining and planning, Jay maintains that, among his other duties, he was charged with compiling a history of the usage of certain equipment at the Avery mine, serving as manager of the ISC solar operation at Bonaire, Netherland's Antilles, and consulting with and advising ISC personnel on mine projects and issues.  In granting a summary judgment in favor of ISC in the

instant case, however, the district court found that Jay in fact performed "very few job activities in his new position." Regardless of the exact nature of Jay's responsibilities in his new position, Jay did testify to the district court that he believed ISC gave him the new position as general manager of mining and planning to allow him to "save face." Jay also testified that he believed he would ultimately be retired. Jay continued to receive payroll checks until December 31, 1986; on that date, Jay elected to collect the remainder of his severance benefits in a lump sum and to begin receiving pension benefits.

Thereafter, on July 31, 1987, Jay filed the instant suit against ISC on the basis that ISC's actions in terminating his employment violated the Federal Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, and the Louisiana Age Discrimination in Employment Act, La.Rev. Stat.Ann. 23:971, *et seq.* ISC subsequently filed a motion for summary judgment on both the federal and state claims which the district court granted. Jay now appeals only that portion of the district court order pertaining to the Louisiana Age Discrimination in Employment Act (LADEA).[1]

## II.

On appeal, Jay raises a legal challenge to the district court's entry of summary judgment in favor of ISC, contending that the district court erroneously applied a one year statute of limitations to his LADEA claim instead of the three year statute of limitations for actions to recover compensation for services rendered contained in La. Civ.Code Ann. art. 3494 (West 1989). Additionally, Jay argues that the district court erred in granting a summary judgment in favor of ISC on his LADEA claim since a factual dispute exists over whether ISC communicated to Jay clear, unequivocal notice of its intent to terminate Jay in May 1985, thereby triggering the applicable statute of limitations for filing a LADEA claim. Finally, Jay asserts that a factual dispute exists over whether ISC, by their actions, induced Jay to refrain from filing suit against ISC within the applicable prescriptive period.

◼ Addressing first Jay's contention that the district court applied an incorrect prescriptive period to his claim of age discrimination under the LADEA, we are guided by the recent decision of this Court in *Williams v. Conoco, Inc.,* 860 F.2d 1306 (5th Cir.1988). In *Williams,* this Court determined the appropriate statute of limitations for a claim of racial discrimination in employment brought pursuant to La.Rev. Stat.Ann. § 23:1006(B)(1). Characterizing such a claim of racial discrimination as a tort, this Court concluded that such discrimination claims are therefore governed by La.Civ.Code Ann. art. 3492 which provides that "[d]elictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." *Williams,* 860 F.2d at 1307. Persuaded that no meaningful distinction exists between the claim in the *Williams* case of racial discrimination in employment and the claim in the instant case of age discrimination in employment, we likewise conclude that the instant claim brought by Jay constitutes a tort claim which is properly governed by the one year presriptive period contained in article 3492.

◼ Having determined that the applicable statute of limitations for Jay's age discrimination claim under Louisiana law is one year, our inquiry now becomes at what point the above one year prescriptive period was triggered in the instant case. Confronted with an absence of Louisiana authority on this issue, we are once again guided by the comparable decision of this Court in *Williams* which provides that the

---

1. The district court also granted ISC's motion for summary judgment on Jay's age discrimination claim under the Federal Age Discrimination in Employment Act on the basis that Jay failed to comply with the provisions of 29 U.S.C. § 626(d). Section 626(d) mandates that an individual must file a charge of unlawful discrimination by an employer with the EEOC prior to bringing a civil action against that employer. The district court found that Jay failed to file such a charge with the EEOC and accordingly dismissed Jay's federal claim against ISC on that basis.

prescriptive period for claims of racial discrimination in employment brought under article 3492 begins to run from the date of notification, not from the date of actual discharge. *Id.* at 1308. In reaching the above conclusion, the *Williams* Court relied in part on the language of the Supreme Court in *Delaware State College v. Ricks,* 449 U.S. 250, 257, 101 S.Ct. 498, 504, 66 L.Ed.2d 431 (1980), to the effect that "mere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination;" rather, the limitations period for such actions commences, not when the consequences of the act become most painful, but at the time of notification. The *Williams* Court further noted that this Court has traditionally held that a limitations period begins to run when "the complainant knows or reasonably should know that the challenged act has occurred." *McWilliams v. Escambia County School Board,* 658 F.2d 326, 328 n. 1 (5th Cir. 1981).

Applying the above principles to the facts of the instant case, we are persuaded, as was the district court, that the claim of age discrimination brought by Jay against ISC in the instant case accrued in May 1985 and thus, Jay's claim prescribed under the applicable one year statute of limitations prior to his filing suit against ISC in July 1987. In reaching the above conclusion, we find especially significant the following admissions made by Jay in his deposition which was presented to the district court regarding Jay's knowledge of his legal rights as of May 1985. Those admissions include: (1) that Jay was told that he was going to be replaced as mine manager by a person younger than himself; (2) that Jay immediately believed that he was being discriminated against because of his age; (3) that Jay was aware that there were state and federal laws governing age discrimination; and (4) that Jay thought about bringing legal action against his employer when he was told that he was to be replaced. In

fact, it appears that the only reason Jay did not file suit against ISC for age discrimination in May 1985 when he was armed with the above pertinent facts regarding his age discrimination claim was because Jay did not consider filing such a legal claim while he was employed with ISC to be in "good taste." On the above facts, we cannot say that a material fact exists on the question of whether Jay knew or reasonably should have known that any discriminatory act on the part of ISC occurred as of May 1985. Accordingly, we affirm the conclusion of the district court that the prescriptive period for Jay's age discrimination claim under the LADEA began to run in May 1985, and that Jay's failure to bring suit within one year from that date warranted summary judgment in favor of ISC.[2]

AFFIRMED.

---

**2.** As noted previously, Jay also maintains that a factual dispute exists over whether ISC, by its actions, induced him to refrain from filing suit against ISC within the applicable presriptive period, thereby triggering the doctrine of equitable tolling. Jay's contention in this regard, however, is without merit as the record reveals that it was not because of any actions on the part of ISC that Jay did not immediately file suit against his employer, but instead was because of Jay's belief that it was not in "good taste" to sue ISC during his employment.