592 So.2d 1359 (1991)
Robert A. BETER
v.
DEPARTMENT OF WILDLIFE AND FISHERIES, et al.
No. 90 CA 2016.
Court of Appeal of Louisiana, First Circuit.
December 27, 1991.
Before SHORTESS, LANIER and CRAIN, JJ.
SHORTESS, Judge.
On November 4, 1988, the Secretary of the Department of Wildlife and Fisheries (DWF), Virginia Van Sickle, issued a layoff plan which was received by Robert A. Beter, a game biologist and district supervisor for DWF in District VIII. Said plan listed Beter's position as one targeted for abolishment. In fact, District VIII was to be absorbed for all intents and purposes by Districts VI and VII. Beter sent several letters to Herbert L. Sumrall, Director of the State Civil Service (Director), contesting the propriety of the layoff and abolition of his position.
Ultimately, the layoff as proposed was approved by Sumrall and became effective on January 7, 1989. District VIII was absorbed by Districts VI and VII, and Beter was assigned to District VII as a game biologist and wildlife management unit supervisor. Beter had nearly 33 ½ years of *1360 state service at the time. As a result of the layoff, Beter was placed under the supervision of District VII supervisor, Dave Moreland. Moreland, however, had just over 12 years of state service.
Beter appealed, contending that the layoff plan violated the merit system principle of seniority and that he should have "bumped" into the position Moreland held after the layoff since both held the designation of game biologist district supervisor (GS-17 level). Beter notes that he possessed more than twice as much state service as Moreland yet was required to give up the district supervisor post.
The main thrust of Beter's appeal was directed to his allegation that the Director abused his discretion (1) in failing to expand the "commuting area," and (2) in failing to ensure that the layoff adhered to the principle of seniority.
The State Civil Service Commission (Commission) rejected Beter's appeal and held that the commuter rule prevented Beter from being offered Moreland's position.
The Commission, after quoting Civil Service Rule 17.17[1] found:
Prior to the layoff, appellant Beter worked in a GS-17 level job in career *1361 field 9204 in the Office of Wildlife. His official domicile was Orleans Parish. He was offered a GS-15 level job in career field 9204 in the Office of Wildlife in St. Tammany Parish, which offer he accepted. Under Civil Service Rule 17.17(c)6, upon accepting this offer, appellant Beter was entitled to no more offers.
Appellant Beter argued that he should have been able to displace Dave Moreland, who had less state service than appellant Beter. Mr. Moreland's job was basically the same as appellant Beter's job except that Mr. Moreland's position was officially domiciled in East Baton Rouge Parish. Because East Baton Rouge Parish does not border Orleans Parish, Mr. Moreland's position was not in appellant Beter's "commuting area." Therefore, appellant Beter was not entitled to displace Mr. Moreland.
The Commission then concluded that Beter failed to prove that his layoff violated Civil Service rules or was the result of prohibited discrimination and denied his appeal.
Beter now appeals to this court basically urging the same issues that were presented to the Commission and asks us to reverse. Beter cites Thoreson v. Department of State Civil Service, 433 So.2d 184 (La.App. 1st Cir.), writs denied, 440 So.2d 726, 440 So.2d 727 (La.1983), and strongly urges that its pronouncement relating to the principle of seniority should be applicable to the facts presented here even though he admits Thoreson dealt with the application of a pay plan. Beter does not challenge Rule 17.17 as being unconstitutional but directs his attack completely on the Director's failure to properly discharge his duties in reviewing the layoff plan.
We see the issue thusly: Does application of Rule 17.17 and, in particular, the "commuting area," do such violence to the principle of seniority as to require us to strike down the layoff plan?
Unfortunately, Beter, along with 115 other career employees, was adversely affected by this layoff which was necessitated because of financial constraints. Beter does not attack the constitutionality of Rule 17.17, only the Director's alleged failure to make modifications to prevent the hardship caused him by this case. The Commission found that Beter failed to prove his case. Our review of the record convinces us that the finding was not clearly wrong. We affirm at Beter's costs.
AFFIRMED.
NOTES
[1] Civil Service Rule 17.17 reads as follows:

"Only permanent employees have the right to displace other employees. An employee does not have displacement rights to a higher position than the one he occupies at the time of the layoff action which affects him. Subject to the following provisions, a permanent employee who is affected by a layoff has the right to displace another employee who occupies the same, an equivalent, or lower job in the same career field, organizational unit and applicable commuting area affected by his layoff, subject to the provisions of Rules 17.16 and 17.16.1. An employee who displaces another, must meet the job qualifications for the position involved. A part-time permanent employee shall not displace a full-time permanent employee.
(a) A permanent employee affected by a layoff shall have the right to displace, subject to subsection (c) of this rule, permanent employees with less State service. Regardless of length of State service, a permanent employee who meets the job qualifications shall always have the right to displace a provisional or probationary employee.
(b) Within each affected job, employees with the least total State service shall be displaced first.
(c) Offers of displacement to occupied positions for which the employee qualifies shall be made by the appointing authority in the following manner and order:
1. All offers shall be made with a minimum reduction in pay range.
2. Preference in making offers shall be given by length of State service with first preference being given to those affected employees with the most State service.
3. Offers to displaced employees may cease when the first available offer listed above is accepted or declined by that employee.
4. If the employee declines or if no offers are available, the employee(s) is subject to layoff.
5. Vacancies may be offered in lieu of occupied positions.
6. The first offer shall be to a position in the same job title and parish, if such a position is available.
7. The second offer shall be to a position in an equivalent job in the same career field and the same parish, if such a position is available.
8. The third offer shall allow the employee to make a choice of one of the following, if available:
(a) A position in the next available lower level job within the employee's career field and parish, or
(b) A position in the same job title and in the same commuting area, or if no such position exists, to a position in an equivalent job within the career field and the commuting area.
(c) A position in the next lower job in the career field and within the commuting area which is higher in pay range than the offer available within the parish.
9. The fourth offer shall allow the employee to make a choice of one of the following if available:
(a) A position in the highest job outside the career field, as long as it is higher than the offer in the career field, occupied by a probationary or provisional employee, in the same parish and organizational unit, or
(b) The highest such position available in the commuting area as long as it is higher than the job in the employee's parish.
[A section (c) was not listed in the original rules.]
(d) Employees whose official domicile is `Statewide' shall, for the purpose of offers of displacement, be considered domiciled in the parish in which they officially reside.
(e) Employees who live and work outside of Louisiana shall, for the purpose of offers of displacement, be considered domiciled either in the parish in which they have an official residence, or at their department's central headquarters. The employee must use the parish of his official residence, if he has one."