599 So.2d 489 (1992)
Kenneth WINBUSH, Plaintiff-Appellant,
v.
NORMAL LIFE OF LOUISIANA, INC., Defendant-Appellee.
No. 90-1370.
Court of Appeal of Louisiana, Third Circuit.
May 20, 1992.
*490 Jarvis J. Claiborne, Opelousas, for plaintiff-appellant.
Bronfin, Heller, Steinberg & Berins, Nicole Tygier, New Orleans, for defendant-appellee.
Before DOMENGEAUX, C.J., and COREIL and SALOOM, JJ. Pro Tem.[*]
DOMENGEAUX, Chief Judge.
Kenneth Winbush filed this employment discrimination suit against his former employer, Normal Life of Louisiana, Inc., alleging he was wrongfully discharged because of his race. The trial court sustained the employer's exception of prescription and dismissed the suit with prejudice. Winbush appeals. For the following reasons, we reverse.
Winbush was employed as a social worker by Normal Life of Louisiana. He filed this suit on May 21, 1987, alleging he was fired on May 22, 1986 after he missed a social work meeting on the previous day. In his petition, Winbush alleged he did not attend the meeting because his job duties required him to transport a patient to a doctor's appointment that was scheduled at the same time as the meeting. He contended he was the victim of disparate treatment because white employees committed more serious infractions without termination. He alleged his termination occurred because he was a "Black individual" and that his termination was in violation of the defendant's written employment policies and in violation of the United States and Louisiana constitutions.
Normal Life of Louisiana argues Winbush's claim has prescribed because it was not filed within the time limitations of 42 U.S.C. § 2000e-5(f)(1), which governs employment discrimination claims brought under Title VII of the Civil Rights Act of 1964. Normal Life shows that Winbush did file a charge with the Equal Employment Opportunity Commission, but that the EEOC declined to investigate the charge because it was not timely filed. The EEOC issued Winbush a "right to sue" letter stating that he had 90 days to file suit in federal district court. Winbush did not file a federal lawsuit within the 90 day period; instead, he filed the instant suit in state court after the 90 days had expired but within one year of his termination.
We agree with the defendant that any Title VII claims that Winbush may have as a result of his May 22, 1986 termination have prescribed. However, in his petition Winbush did not specifically seek relief under Title VII or any other named statute. In Louisiana's system of fact pleading, recovery may be had under any legal theory *491 justified by the facts presented in the petition. See Hughes v. Livingston Parish School Board, 459 So.2d 10 (La.App. 1st Cir.1984), writ denied, 462 So.2d 1250 (La. 1985). We find that Winbush's petition also attempts to state a cause of action under Louisiana's antidiscrimination statute, La. R.S. 23:1006. The Louisiana statute provides, in pertinent part:
§ 1006. Intentional discrimination in employment
* * * * * *
B. It shall be unlawful discrimination in employment for any employer to:
(1) Intentionally fail or refuse to hire, refer, discharge, or to otherwise intentionally discriminate against or in favor of an individual with respect to compensation, terms, conditions, or privileges of employment, because of race, color, religion, sex, or national origin; or
(2) Intentionally limit, segregate, or classify an employee in a way which would deprive an individual of employment opportunities, give a favor or advantage to one individual over another, or otherwise adversely or favorably affect the status of an employee because of race, color, religion, sex, or national origin. Provided, however, that nothing contained herein shall be construed so as to create a cause of action against any employer for employment practices pursuant to any affirmative action plan.
* * * * * *
D. A plaintiff who has a cause of action against an employer for discrimination in employment may file a suit in the district court for the parish in which the alleged discrimination occurred seeking general or special compensatory damages, back pay, restoration of employment, related benefits, reasonable attorney's fees, and court costs.
E. Any party found by the judge to have brought a frivolous claim under this Subpart shall be held responsible for reasonable attorney's fees, reasonable damages incurred as a result of the claim, and court costs.
In Alexander v. Gardner-Denver Company, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974), the Supreme Court stated that the legislative history of Title VII manifests a congressional intent to allow an individual to pursue independently his rights under both Title VII and other applicable state and federal statutes. Although we have already determined that Winbush's Title VII claim has prescribed, we must now decide whether Winbush's suit is untimely under the Louisiana antidiscrimination statute.
La.R.S. 23:1006 is silent as to a prescriptive period, and we have found no Louisiana case which answers this question. However, in Williams v. Conoco, Inc., 860 F.2d 1306 (5th Cir.1988), the United States Fifth Circuit held that claims under Louisiana's antidiscrimination statute are subject to the one year liberative prescription for delictual actions found in La. C.C. art. 3492. The Fifth Circuit's classification of violations of La. R.S. 23:1006 as tortious is consistent with other related jurisprudence. See, for example, Arvie v. Century Telephone Enterprises, Inc., 452 So.2d 392 (La.App. 3d Cir.1984).
Williams further held that the prescriptive period commences to run from the date of notification of the discharge, rather than the date of the discharge. In his petition, Winbush does not provide us with the date he was notified of his discharge; however, evidence in the record indicates that he was verbally notified of his termination on the same date of his discharge, May 22, 1986. The instant suit was filed on May 21, 1987, within one year of the notification of discharge. We therefore conclude plaintiff's claim under La. R.S. 23:1006 has not prescribed.
For the above reasons, the judgment of the district court sustaining the defendant's exception of prescription is reversed, and the case is remanded for further proceedings not inconsistent with this opinion. Costs are assessed to defendant-appellee, Normal Life of Louisiana, Inc.
REVERSED AND REMANDED.
NOTES
[*] Honorables Joseph E. Coreil, Retired, and Kaliste J. Saloom, Jr., participated in this decision by appointment of the Louisiana Supreme Court as Judges Pro Tempore.