663 So.2d 92 (1995)
Andrew D. HARRIS, Jr., Plaintiff-Respondent,
v.
HOME SAVINGS AND LOAN ASSOCIATION, Defendant-Applicant.
No. W95-223.
Court of Appeal of Louisiana, Third Circuit.
July 27, 1995.
Writ Denied November 17, 1995.
*93 Michael A. Harris, Breaux Bridge, for Andrew D. Harris, Jr.
Samuel Robert Aucoin, Lafayette, for Home Sav. and Loan Ass'n.
Before: THIBODEAUX, SAUNDERS and PETERS, JJ.
PER CURIAM.
Andrew P. Harris, Jr., plaintiff-respondent, asserted a delictual claim under the Age Discrimination in Employment Act, La. R.S. 23:971 et seq., and alleged that Home Savings and Loan Association, defendant-applicant, impermissibly discharged him on the basis of age.
Home Savings and Loan Association filed an application for a supervisory writ after its exception of prescription was denied by the trial court. After apparently acknowledging that prescription began to run from the date Mr. Harris received notice that he was being replaced by a younger individual, the trial judge reasoned that respondent's cause of action remained viable because of a lack of "adequate notice."
We affirm the result reached by the trial court but for different reasons than that relied upon by the trial judge.

I.

ISSUE
The specific issue we address is when does the prescriptive period begin to run for a cause of action based on an alleged impermissible termination under the Age Discrimination in Employment Act, La.R.S. 23:971 et seq.
*94 For the following reasons, we hold that the prescriptive period for an alleged improper termination under the Age Discrimination in Employment Act begins from the date of termination and not from the date of notification. The injury is sustained when the termination occurs.

II.

FACTS
Andrew Harris, after working for more than thirty-six years for Home Savings and Loan Association, was given notice in October, 1992 that he was to be replaced, approximately three years prior to his projected retirement age of sixty-five. After the October, 1992 notification, Mr. Harris was offered two choices. The first choice was a staff position with Home Savings at a reduced salary of $2,500.00 per month until he reached age sixty-five on December 17, 1996. Alternatively, Mr. Harris could remain at his present salary of $49,500.00 per year for one year through December 31, 1993. Mr. Harris chose the second option. Other than losing his usual annual bonus of one month's salary, the second option was no different than the salary he earned the year before he signed an "employment contract."
The employment contract signed by Mr. Harris was apparently executed in December, 1992. Essentially, the contract continued Mr. Harris' employment from December 9, 1992, until December 31, 1993. Mr. Harris continued in his position as Chief Lending Officer until May or June of 1993, at which time he was demoted to branch manager. Mr. Harris continued working as the branch manager until his termination on December 31, 1993.
Mr. Harris brought an action against Home Savings in March, 1994. Home Savings raised the peremptory exception of prescription on the basis that the one year prescriptive period began to run as early as October, 1992 when Mr. Harris received notice of his termination. Mr. Harris argued that no action was taken by Home Savings to remove him from his position until May, 1993. Mr. Harris further contends that the Home Savings Board could have stepped in and decided to continue his employment with Home Savings prior to that time. He argues that until his actual retirement, there was no definitive decision to terminate his employment. He further contends that the proper prescription date would be May, 1994. The trial judge denied Home Savings' exception of prescription finding that it did not give Mr. Harris adequate notice of his termination.

III.

LAW AND DISCUSSION
A cause of action based on age discrimination is subject to the one year prescriptive period in La.Civ.Code art. 3492.
The elements of a delictual cause of action are: fault, causation, and damages. Gresham v. Davenport, 537 So.2d 1144 (La. 1989). Fault is analyzed under four factors which comprise the concept of duty-risk: cause-in-fact, duty, breach and damage. Miller v. Everett, 576 So.2d 1162 (La.App. 3 Cir.1991). The fourth factor is the focus of this opinion.
La.Civ.Code art. 3492 states:
Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained.
With the exception of his annual bonus, Mr. Harris did not suffer any damages for his release from employment until he was terminated from his position with Home Savings. Therefore, he did not have a cause of action for his allegedly unlawful termination based on age until that occurrence. Prescription for this injury began on December 31, 1993 and was completed upon the passage of one year from the day Harris acquired, or should have acquired, knowledge of that damage. See Bustamento v. Tucker, 607 So.2d 532, 539 n. 8 (La.1992); Jordan v. Employee Transfer Corp., 509 So.2d 420 (La.1987). Had Mr. Harris filed his lawsuit when he was informed in October, 1992 of his employer's decision to discontinue his employment, an essential element of his claim under Louisiana law, i.e., damages, would have been lacking.
*95 Louisiana's Age Discrimination in Employment Act is substantively similar to the federal Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq. A successful claimant has to prove that he or she was discharged and that age was "a determinative influence on the outcome." Hazen Paper Co. v. Biggins, ___ U.S. ___, ___, 113 S.Ct. 1701, 1706, 123 L.Ed.2d 338 (1993); Lege v. N.F. McCall Crews, Inc., 625 So.2d 185 (La.App. 3 Cir.), writ denied, 627 So.2d 638 (La.1993). Mr. Harris would have been, in our opinion, premature in filing a state claim before December 31, 1993, the date of his discharge. Until his actual separation from employment, Mr. Harris was only able to demonstrate an intent to discharge. The allegedly illegal act which is the basis for damages and the underlying cause of action in Louisiana is the termination itself, not the intent to terminate.
Home Savings and Loan places much reliance on Jay v. International Salt Co., 868 F.2d 179 (5 Cir.1989). Jay held that the one year prescriptive period under La.R.S. 23:971 et seq., is triggered by notification of an employee's termination of employment. Jay relied on Williams v. Conoco, Inc., 860 F.2d 1306 (5 Cir.1988) which, in part, premised its decision on Delaware State College v. Ricks, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980). Ricks involved a claim of national origin discrimination under two federal antidiscrimination statutes, 42 U.S.C. § 1981 and 42 U.S.C. §§ 2000e et seq., based on a denial of tenure. Mr. Ricks initially argued that the denial of tenure was the discriminatory act. Later, he expanded his claim to allege a discriminatory discharge, but did not specifically identify the discriminatory acts which continued to, or occurred at, the time of actual termination. The time limitation, according to Mr. Ricks, began to run from the time his one year "terminal" contract expired at the end of the following academic year. The Supreme Court rejected this position and held that his claims were untimely. The "unlawful employment practice" occurred when tenure was denied and this decision was communicated to Mr. Ricks. The termination of Mr. Ricks was a consequence of the denial of tenure. Indeed, had he been granted tenure, his employment would have continued.
In this case, there is nothing which precipitated Mr. Harris's termination other than the alleged acts based on age discrimination. His termination was not the effect of the replacement notice communicated to him in October, 1992 as the termination of the plaintiff in Ricks was the effect of the denial of tenure. Once tenure was denied in Ricks, the damage was done. The intent to terminate Mr. Harris as evidenced by the October, 1992 notice could easily have been annulled before his actual termination.
It is true that "mere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination." Delaware State College v. Ricks at 257, 101 S.Ct. at 504. In our view, that language, so heavily relied on by Home Savings and Loan Association, is inapplicable to Mr. Harris's claim. His cause of action had not arisen during his continued employment at Home Savings. There was simply nothing to prolong.
We are mindful that Winbush v. Normal Life of Louisiana, Inc., 599 So.2d 489 (La. App. 3 Cir.1992) reached a different result. Winbush concluded that a cause of action under Louisiana's antidiscrimination statute begins to run from the date of notification. Winbush also relied on Williams v. Conoco and was erroneously decided. We refuse to follow it. The better, more rational, and fairer rule of law is the one articulated in this opinion.
An employee like Mr. Harris is placed in an uncomfortable dilemma if he is forced to initiate legal proceedings while still employed. Such a situation would only serve to precipitate employer-employee disharmony, distrust, and would be disruptive of the workforce. Overall, an environment not conducive to productivity and civility would unfortunately be fostered by the lingering threat of a lawsuit.
Furthermore, a claimant's cause of action may very well be undermined, if not completely thwarted, by a wily employer who misleads the claimant into believing that ameliorative measures may be taken within a *96 year of notification to prevent a termination and then does nothing to annul the decision to terminate.
For the foregoing reasons, the judgment of the trial court is affirmed. The application for a supervisory writ filed by Home Savings and Loan Association is denied.
WRIT DENIED. JUDGMENT OF TRIAL COURT AFFIRMED.