685 So.2d 618 (1996)
Louis E. BRUNETT
v.
DEPT. OF WILDLIFE AND FISHERIES, et al.
Robert A. BETER
v.
DEPT. OF WILDLIFE AND FISHERIES, et al.
Nos. 96 CA 0535, 96 CA 0536.
Court of Appeal of Louisiana, First Circuit.
December 20, 1996.
Writ Denied March 14, 1997.
*619 Dan M. Scheuermann, Baton Rouge, for Plaintiffs/Appellants Louis E. Brunett and Robert A. Beter.
Thomas D. Fazio and Keith C. Armstrong, Special Assistant Attorneys General, Baton Rouge, for Defendants/Appellees Louisiana Department of Wildlife and Fisheries, et al.
Robert R. Boland, Jr., Baton Rouge, for Defendant/Appellee Department of State Civil Service.
Before WATKINS and KUHN, JJ., and GUIDRY,[1] J. Pro Tem.
KUHN, Judge.
This is an appeal of a judgment dismissing plaintiffs' claims on a peremptory exception raising the objection of prescription. We affirm.

I. ISSUE
The issue raised in this appeal is whether plaintiffs' lawsuits, which allege age discrimination in employment, are timely.

II. FACTS AND PROCEDURAL BACKGROUND
Plaintiffs, Louis Brunett and Robert A. Beter, were classified employees of the State of Louisiana, Department of Wildlife and Fisheries ("DWF"). DWF notified plaintiffs in November, 1988 of a layoff, effective January 2, 1989. On the day of the layoff, Brunett, a Game Biologist, Development Program Manager in the Pittman-Robertson Wildlife Restoration Program with over 31 years of service with DWF, was 59 years old and had a civil service rating of GS-19. Beter, also 59 years old at the time of the layoff, was a Game Biologist District Supervisor with over 33 years of service and had a civil service rating of GS-17. Beter was offered a demotion with a cut in pay, which he accepted under protest. He continued to work for DWF an additional two years.
On November 13, 1991, Brunett filed a petition naming as defendants, DWF; Virginia Van Sickle, a former Secretary of DWF; Hugh Bateman, a DWF Game Division Administrator; Glenda Tarver, a DWF Human Resources Administrator; and Herbert Sumrall, a Director of Civil Service. Brunett's petition alleged DWF and Bateman had discriminated against him due to his age, and that the other defendants breached duties owed to him under the Civil Service rules. On December 4, 1991, Beter filed a similar lawsuit naming the same parties and essentially setting forth the same allegations.
Defendants filed peremptory exceptions raising the objections of prescription, no cause of action and lack of subject matter jurisdiction, which the trial court apparently overruled.[2] On July 1, 1992, the two lawsuits were consolidated. In February, 1995, defendants urged that the exceptions be reconsidered. After a hearing, the trial court concluded plaintiffs' claims were prescribed. A judgment dismissing plaintiffs' lawsuits was signed on August 24, 1995. Plaintiffs moved for a reconsideration of the trial *620 court's ruling. After a hearing on the motion for reconsideration, the trial court signed a judgment, upholding its earlier ruling which dismissed plaintiffs' lawsuits. From the October 23, 1995 judgment, plaintiffs appeal.

III. ANALYSIS

A. Applicable Liberative Prescription
Plaintiffs urge a three year prescriptive period applies to the provisions of La. R.S. 23:971 et seq., Louisiana Age Discrimination in Employment Act ("LADEA"). The LADEA does not expressly provide for a prescriptive period. Plaintiffs urge "the most applicable statute of limitations" is the three year period found under the provisions of 29 U.S.C.A. § 621 et seq., the federal Age Discrimination in Employment Act ("ADEA").[3]
In written reasons for judgment, the trial court stated, "The crux of the plaintiffs' cases involve allegations of intentional and willful neglect of duty and willful and intentional violation of law which claims are best characterized as delictual in nature." The trial court applied a one year liberative prescription and dismissed plaintiffs' lawsuits as untimely.
The liberative prescription for tort claims is contained in La. C.C. art. 3492, which provides in relevant part:
Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained.[4] (Footnote added.)
A cause of action based on age discrimination is subject to the one year prescriptive period in La. C.C. art. 3492. Harris v. Home Sav. and Loan Ass'n, 95-223, p. 3 (La.App. 3d Cir. 7/27/95); 663 So.2d 92, 94, writ denied, 95-2190 (La.11/17/95); 664 So.2d 405; see Jay v. Int'l Salt Co., 868 F.2d 179, 180 (5th Cir.1989) (wherein the court found no meaningful distinction exists between a claim of racial discrimination and a claim of age discrimination and concluded a claim under the LADEA constitutes a tort claim which is properly governed by the one year prescriptive period contained in La. C.C. art. 3492).
Although the LADEA is substantively similar to the ADEA in that a successful claimant must prove that he or she was discharged and that age was "a determinative influence on the outcome," Harris, 663 So.2d at 95, plaintiffs have cited no authority for the proposition that the federal statute of limitations applies to the LADEA. We agree with the trial court that plaintiffs' claims "are best characterized as delictual in nature." Accordingly, we find no error in the application of Louisiana's one year liberative prescription for delictual claims to the LADEA.

B. Application of One Year Liberative Prescription
Plaintiffs alternatively contend if the one year prescriptive period for delictual actions provided for in La. C.C. art. 3492 applies to the LADEA, the trial court erred in finding their claims had prescribed.
Brunett specifically asserts any delay in bringing his lawsuit was the result of fault and concealment on the part of defendants and suggests that we apply the doctrine of equitable tolling. Brunett contends he was lulled into inaction by representations of Burl Cain, a former personnel representative Commission member. The gist of Brunett's contention is that Cain misled him into believing that because Civil Service rules "change all the time," Brunett had a viable chance to have a reconsideration of the Commission's decision of his appeal.
At the hearing on the motion to reconsider, Louis Brunett testified that on November 14, 1988, he received notice his job with DWF was going to be abolished. Brunett filed an appeal with the Civil Service Commission ("Commission"). After a hearing on February 6, 1990, the Commission rejected Brunett's appeal. Brunett stated he did not appeal the Commission's decision because his attorney recommended he not do so. Instead, Brunett was advised by counsel that he should file an age discrimination suit for damages. Despite having been "absolutely *621 convinced" by January 2, 1989, (the effective date of the layoff) that he had been discriminated against on the basis of his age, Brunett acknowledged he had not presented any evidence of age discrimination at the February 6, 1990 hearing before the Commission. According to Brunett's testimony, this omission was because he had been advised by his attorney that the hearing was "just a matter of ... trying to get [his] job back."
Robert Beter also testified at the hearing on the motion to reconsider. He stated his appeal before the Commission, which was consolidated with Brunett's, had also been rejected. Beter appealed, and this court affirmed the Commission's decision.[5] Beter testified he felt as though discrimination had been practiced upon him by DWF as of the date of the notice advising him of the layoff.
Based on Brunett's testimony, we find prescription for his LADEA claim commenced on January 2, 1989, the effective date of termination, which was also the day Brunett "was absolutely convinced" he had been discriminated against by DWF on the basis of his age. See Harris, 95-233, p. 4; 663 So.2d at 94. Accordingly, the claim was prescribed as of January 2, 1990. Brunett did not file his lawsuit asserting claims under the LADEA until November 13, 1991, well after prescription had accrued. We note at the February 6, 1990 hearing, Brunett had an opportunity to present evidence of any alleged age discrimination by DWF and did not do so.
Beter's testimony establishes that he was aware he was a potential victim of alleged age discrimination on November 14, 1988, when he was given notice from DWF of the layoff. However, because Beter did not suffer any damages until the effective date of the layoff, January 2, 1989, he did not have a cause of action for his allegedly unlawful demotion/termination based on age until that occurrence. See Harris, 95-223 at p. 4; 663 So.2d at 94. Thus, like Brunett, prescription for Beter's injury commenced on January 2, 1989, and accrued one year from that date. Beter did not file his petition asserting LADEA claims until December 4, 1991, nearly two years after the accrual of prescription in this matter.
The principle of contra non valentem prevents the running of prescription where: (1) legal cause has prevented courts or its officers from acting on or taking cognizance of plaintiff's action; (2) a condition coupled with a contract or connected with a proceeding has prevented the creditor from acting; (3) an act of the debtor has effectively prevented a creditor from availing itself of his cause of action; or (4) a cause of action is neither known nor knowable by plaintiff even though plaintiff's ignorance is not induced by defendant. Zidan v. USAA Property and Cas. Ins. Co., 622 So.2d 265, 267 (La.App. 1st Cir.1993), writ denied, 629 So.2d 1138 (La. 1993).
In this case, Brunett testified the Commission decision was rendered on August 3, 1990, and he knew he had 30 days to appeal that determination. Brunett stated he had been advised by the Commission that the Civil Service Rules did not permit the Commission to rehear its decision.[6] Brunett explained that ultimately, he was hoping Civil Service would change the rules and rehear his case. These facts do not warrant the application of the doctrine of contra non valentem.[7]

IV. CONCLUSION
For the reasons herein expressed, the judgment dismissing plaintiffs' lawsuits *622 based on claims of age discrimination in employment is affirmed. The costs of this appeal are to be paid by appellants-plaintiffs, Louis Brunett and Robert Beter.
AFFIRMED.
NOTES
[1] Judge Carl A. Guidry, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The minutes of court show on April 10, 1992, the trial court overruled defendants' objections of prescription and subject matter jurisdiction; however, the record does not contain a signed judgment reflecting the trial court's ruling.
[3] The three year prescriptive period is codified at 29 U.S.C.A. § 626(e).
[4] C.C. art. 3492 was subsequently amended by La.Acts 1992, No. 621, § 1.
[5] Beter v. Dept. of Wildlife and Fisheries, 592 So.2d 1359 (La.App. 1st Cir. 1991).
[6] Civil Service Rule 13.33(b) provided in relevant part, "No rehearing shall be granted from a final decision of the Commission or from a final decision of a referee."
[7] It is unclear from plaintiffs' brief whether Beter is contending that his appeal of the Commission's decision interrupted prescription, and therefore, because he filed this lawsuit alleging LADEA claims in November, 1991 prior to this court's affirmance in December, 1991 of the Commission's decision, his lawsuit is timely. The Commission could not have granted damages to Beter for alleged age discrimination by DWF. See Ubosi v. Sowela Technical Institute, 584 So.2d 340, 342 (La.App. 3rd Cir.), writ denied, 589 So.2d 1075 (La.1991). Thus, we find such a contention to be without merit.