**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-30112

(Summary Calendar)
_____


BOBBY JOE MUNDAY,

                              Plaintiff-Appellant,

versus


H.B. ZACHRY COMPANY,

                              Defendant-Appellee.


Appeal from the United States District Court
For the Western District of Louisiana
(95-CV-2079)


September 5, 1997

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Bobby Joe Munday appeals the district court's grant of summary judgment in favor of defendant H. B. Zachry Company ("HBZ") in his action under the Louisiana Age Discrimination in Employment Act (LADEA), La. Rev. Stat. § 23:971 *et seq.* We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

HBZ, an industrial maintenance contracting and building company, hired Bobby Joe Munday in January 1991, when Munday was fifty-five years old. Munday initially worked as safety manager for HBZ in Borger, Texas. In February 1994, HBZ transferred Munday to DeRidder, Louisiana, where he served as safety manager at the Boise Cascade plant.

According to the summary judgment record, HBZ became concerned about the accident rate at the DeRidder plant and concerned about Munday's job performance, specifically with regard to the maintenance of required safety documentation. In his affidavit, Munday's supervisor averred that he transferred Munday to Indiana to teach training classes so that the safety records under Munday's supervision could be investigated and analyzed. HBZ maintains that as a result of this investigation and the supervisor's evaluation of Munday's job performance, Munday was fired in August 1995. Munday was fifty-nine years old at the time of his termination. HBZ replaced Munday with Darren Melancon, the individual responsible for the investigation and evaluation of Munday's safety records. Melancon was under the age of forty when he assumed Munday's position.

Munday filed suit against HBZ in state court, alleging that HBZ terminated him because of his age, in violation of the LADEA. HBZ, a Texas corporation with its principal place of business in Texas, removed the case to federal court on the basis of diversity

of citizenship. 28 U.S.C. § 1332(a) & 1441(a). HBZ filed a motion for summary judgment on the ground that Munday could not make a *prima facie* showing of age discrimination, or, in the alternative, that Munday could not satisfy his ultimate burden to show that HBZ's proffered nondiscriminatory reasons for Munday's termination were pretextual.

The district court ruled that Munday had established a *prima facie* case; however, the court granted HBZ's motion for summary judgment on the second ground, finding that Munday had failed to submit any summary judgment evidence to establish that HBZ's proffered reasons for his termination were a pretext for age discrimination. Munday filed this timely appeal.

II

Munday argues on appeal that the district court erred in granting HBZ's motion for summary judgment because there are genuine issues of material fact with respect to HBZ's true motivation in terminating him. We review the district court's grant of summary judgment *de novo*. *EEOC v. Texas Instruments, Inc.*, 100 F.3d 1173, 1179 (5th Cir. 1996). Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as

-3-

a matter of law." Fed. R. Civ. P. 56(c).  We view the evidence in the light most favorable to the nonmovant.  *Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 40 (5th Cir. 1996).

A

The LADEA provides in pertinent part:

A.  It is unlawful for an employer to:
(1) Fail or refuse to hire, or to discharge, any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age.

La. Rev. Stat. § 23:972(A)(1).  The LADEA is modeled after and is identical to the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634.  *Taylor v. Oakbourne Country Club*, 663 So.2d 379, 383 (La. Ct. App. 1995); *Harris v. Home Sav. & Loan Ass'n*, 663 So.2d 92, 95 (La. Ct. App. 1995), *writ denied*, 664 So.2d 405 (La. 1995).  There is little case law in Louisiana offering guidance to the substantive provisions of the LADEA; therefore, we look to case law interpreting the federal ADEA for guidance. *Taylor*, 663 So.2d at 383; *Lloyd v. Georgia Gulf Corp.*, 961 F.2d 1190, 1193 (5th Cir. 1992).

A plaintiff who offers sufficient direct evidence of intentional discrimination should prevail in defeating a defendant's motion for summary judgment.  *Nichols*, 81 F.3d at 40. However, direct evidence of discrimination is rare.  The Supreme Court has devised a procedure allocating the burden of production and establishing an orderly presentation of proof in Title VII

-4-

discrimination cases. *See generally Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-56, 101 S. Ct. 1089, 1093-95, 67 L. Ed. 2d 207 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05, 93 S. Ct. 1817, 1824-26, 36 L. Ed. 2d 668 (1973). We have consistently applied the *McDonnell Douglas-Burdine* framework in the ADEA context. *See Nichols*, 81 F.3d at 40; *Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 992 (5th Cir. 1996)(en banc); *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 957 (5th Cir. 1993).

The plaintiff must first establish a *prima facie* case of age discrimination. *Brown v. CSC Logic, Inc.*, 82 F.3d 651, 654 (5th Cir. 1996). If he succeeds in establishing a *prima facie* case, a presumption of discrimination arises, and the employer must rebut this presumption by articulating a legitimate, nondiscriminatory reason for the adverse employment action. *Id.* If the employer provides a legitimate, nondiscriminatory reason, the presumption of discrimination disappears. *Rhodes*, 75 F.3d at 992. The burden then shifts back to the plaintiff, who must present probative evidence that the employer's proffered reason is a pretext for an illegally discriminatory motive. *Brown*, 82 F.3d at 654. "The plaintiff can demonstrate that the reason was pretextual in two ways, 'either (1) directly by persuading the court that a discriminatory reason more likely motivated the employer, or (2) indirectly by showing that the employer's proffered explanation is unworthy of credence.'" *Hall v. Gillman*, 81 F.3d 35, 37 (5th Cir.

1996) (quoting *Thornbrough v. Columbus and Greenville R. Co.*, 760 F.2d 633, 639 (5th Cir. 1985)).

Munday presents no direct evidence of discrimination. In fact, Munday admits in his deposition testimony that no one at HBZ said anything to him that led him to believe that he was discriminated against because of his age. Absent any direct evidence, Munday must rely on the traditional burden-shifting analysis to defeat HBZ's motion for summary judgment.

To establish a *prima facie* case of age discrimination, Munday must demonstrate that he was discharged, that he was qualified for the position, that he was within the protected class at the time of the discharge))that is, that he was age forty or over))and must present evidence sufficient to create an inference that the employment decision was based on an illegal discriminatory criterion. *O'Connor v. Consolidated Coin Caterers Corp.*, ___ U.S. ___,116 S. Ct. 1307, 134 L. Ed. 2d 433 (1996). Munday need only make a very minimal showing to establish a *prima facie* case. *Nichols*, 81 F.3d at 41. A plaintiff may create an inference of illegally discriminatory motive by showing that he was replaced by someone significantly younger. *O'Connor*, ___ U.S. at ___, 116 S. Ct. at 1310.

HBZ does not dispute that Munday was discharged, that Munday was over age forty and thus a member of the protected class under the LADEA, or that he was replaced by someone significantly

younger.  HBZ does contend, however, that Munday was not qualified for his position.  Munday counters that he was qualified for the job, and there is some evidence to that effect in his deposition. We agree with the district court that, given the slight burden necessary, Munday has established a *prima facie* case.

Therefore, the burden shifts to HBZ to articulate a legitimate, nondiscriminatory reason for the discharge. Munday's supervisor states in his affidavit that Munday was discharged because of his unsatisfactory job performance.  Specifically, the supervisor lists three areas of concern that contributed to the decision to terminate Munday:

> (1)  Poor job performance, including Munday's failure to devote an adequate amount of time to activities in the field; failure to maintain proper safety documentation and to document training of personnel assigned to the site; and lack of initiative, ambition and enthusiasm in the performance of his duties.
>
> 2)  Poor leadership skills, including Munday's lack of skill in making presentations, an insecure and monotone orientation and training style; failure to guide, train, or mentor safety personnel working with him in the safety department; and failure to support the safety principles, policies and procedures that he was responsible for ensuring.
>
> 3)  Lack of character required for the position, resulting in Munday being viewed by supervisors as weak, and viewed by employees as ineffective.

In support of its contentions, HBZ submitted affidavits from Munday's supervisor, copies of Munday's June 1995 performance evaluation, and copies of the investigative report prepared by Melancon.  We agree with the district court that HBZ has met its

burden of articulating legitimate, nondiscriminatory reasons for Munday's discharge. Therefore, the presumption of discrimination raised by Munday's *prima facie* case disappears, and Munday must offer probative evidence to establish a genuine issue of fact as to whether HBZ's articulated reasons are mere pretexts for illegal discrimination. *Nichols*, 81 F.3d at 41.

Munday submitted no evidence in opposition to HBZ's summary judgment motion. In his response filed with the district court, Munday simply stated that there is a genuine issue of material fact with respect to pretext without specifying what facts in the record supported that assertion. Munday argues that there is a genuine issue of material fact as to discriminatory animus *whenever* the plaintiff has established a *prima facie* case and the defendant has offered nondiscriminatory reasons for the discharge. Munday, however, is mistaken; if such were the case, the last step of the burden-shifting analysis of *McDonnell Douglas* and *Burdine* would be largely superfluous. Because Munday failed to point to any facts tending to show that HBZ's reasons are pretextual, Munday did not meet his burden to designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.) ("'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'. . . Nor is it our duty to do so on appeal.") (citation

-8-

omitted), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed. 2d 127 (1994).[1]

Munday attempts to raise for the first time on appeal that the district court should have ignored the investigative report prepared by Melancon, the individual who eventually replaced him, because Melancon had an inherent conflict of interest as a contender for his position. We decline to consider an argument raised for the first time on appeal. "Although on summary judgment the record is reviewed *de novo*, this court . . . will not consider evidence or arguments that were not presented to the district court for its consideration in ruling on the motion." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 (5th Cir.), *cert. denied*, 506 U.S. 832, 113 S. Ct. 98, 121 L. Ed. 2d 59 (1992).

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment in favor of HBZ.

---

[1] Munday testified in his deposition, which was attached to HBZ's motion for summary judgment, that HBZ had a policy of encouraging poor record keeping and that he had destroyed records to avoid recording dangerous incidents at the job sites pursuant to this policy. Munday did not point to this testimony in his opposition to the summary judgment motion before the district court. In addition, even if his testimony raises a material issue of fact with respect to whether poor record keeping was a reason for his discharge, there is no evidence in the record tending to rebut any of the other nondiscriminatory reasons offered by HBZ. An ADEA plaintiff "must offer evidence to rebut *each* of the employer's articulated legitimate, nondiscriminatory reasons." *Texas Instruments, Inc.*, 100 F.3d at 1180 (emphasis added). At any rate, Munday's claim that HBZ condoned poor record-keeping does not tend to show pretext for unlawful discrimination.