IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31052
Summary Calendar

_____


RICHARD GULDIN,

                                        Plaintiff-Appellant,

                v.

CONOCO, INC., Its successors, predecessors & assigns,

                                        Defendant-Appellee.

-------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Louisiana
U.S.D.C. No. 00-CV-414
-------------------------------------------------------------
May 22, 2002


Before DAVIS, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[1]

        In this action, Appellant Richard Guldin ("Guldin") alleged that appellee Conoco, Inc.

("Conoco") violated the Age Discrimination & Employment Act (the "ADEA") [29 U.S.C. § 621

et seq.], Title VII of the Civil Rights Act of 1964 ("Title VII") [42 U.S.C. § 2000e], 42 U.S.C. §

1981 and La. Rev. Stat. Ann. § 30:2027 ("whistle-blower claim") when it terminated his

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

employment. Upon consideration of Conoco's motion for summary judgment, the district court concluded that summary judgment was appropriate because Guldin's whistle-blower claim was barred by the statute of limitations and because Guldin failed to rebut Conoco's legitimate non-discriminatory reason for terminating him. Because we agree, we will affirm.

## I.

## BACKGROUND

Guldin was born June 10, 1957. Guldin began working for Conoco in 1991 at the age of 34 as a process engineer in its New Orleans office. He worked primarily onshore. In 1992 Guldin transferred to Corpus Christi due to the closure of the New Orleans office. His new position as a facility engineer involved no offshore responsibilities. In 1996 Guldin transferred to Lafayette due to the closure of the Corpus Christi office. He continued to serve as a facility engineer, primarily onshore. In 1997 Guldin requested, for personal reasons, a transfer to an offshore position and he was made a Project Leader for Conoco's Grand Isle production area. Guldin was approximately 40 years old when Conoco made this accomodation.

After about four months in his new position, in November 1997, Guldin was placed on disciplinary probation and suspended without pay for a week for allowing workers to smoke in a nonsmoking area of an oil producing platform.

In February 1998, Guldin sent an email to his supervisors, reporting that he had overheard an employee of a Conoco contractor make a racially derogatory remark about an African-American worker employed by a different Conoco contractor. He further reported that he had reprimanded the offending worker. Conoco praised Guldin for handling the matter appropriately.

In July 1998 Guldin was transferred to a production specialist position, also at Grand Isle.

2

This transfer was due to a downturn in the oil and gas market that required Conoco to reduce its force at the Grand Isle facility. The transfer involved no change in pay or benefits for Guldin.

On November 13, 1998 Guldin was notified that he was being terminated and that he was not to report back to work. Conoco offered admissible summary judgment evidence that this termination was made as part of a reduction in force. Conoco asserted that Guldin was selected for termination when, after a skill and performance review of those in the production specialist position, it was determined that Guldin had less experience—offshore and supervisory— than those who would be retained. At the time of his termination, Guldin was 41 years old. Another production specialist at Grand Isle, Mike Stewart, was also terminated as part of the reduction in force.

Guldin was paid severance benefits and accrued vacation over a period of six weeks ending December 31, 1998, at which time he was administratively terminated. By December 16, 1998 Guldin had begun work for a new employer. On December 16, 1999, Guldin filed the instant action.

**II.**

**ANALYSIS**

"This Circuit reviews a district court's grant of summary judgment *de novo*, applying the same standard of review as would the district court." Merritt-Campbell, Inc. v. RxP Products, Inc., 164 F.3d 957, 961 (5th Cir. 1999). "Summary judgment is proper only when it appears that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Disputes concerning material facts are genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. An issue is 'material' if it involves a fact that

3

might affect the outcome of the suit under the governing law." Id. (citation omitted). In determining whether a genuine issue of material fact precluding summary judgment exists, we view the evidence in the light most favorable to the non-movant and make all reasonable inferences in her favor. See Bussian v. RJR Nabisco, Inc., 223 F.3d 286, 293 (5th Cir. 2000).

## A.      Whistle-blower claim

The parties agree that Guldin's whistle-blower claim is subject to a one-year statute of limitations.[2] It is undisputed that Guldin was informed that he was being terminated and ceased working for Concoco on November 13, 1998, more than a year before he filed suit. Accordingly, entry of summary judgment apears appropriate.

However, Guldin contends that the claim did not begin to run until December 31, 1998 when he stopped receiving severance benefits and was administratively terminated. He cites Brunett v. Dep't of Wildlife & Fisheries, 685 So.2d 618 (La. Ct. App. 1 Cir. 1996) and Harris v. Home Sav. & Loan Ass'n, 663 So.2d 92 (La. Ct. App. 3 Cir. 1995) in support of this proposition. Guldin has misinterpreted Brunett and Harris. Each case stands for the proposition that the statute of limitations does not begin when an employee is informed that he will be terminated in the future, rather the statute begins to run when the employee is actually terminated. See Brunett, 685 So.2d at 621; Harris, 663 So.2d at 94.[3] As Guldin received notice of his termination and was

_____

[2]La. Rev. Stat. Ann. § 30:2027 does not contain a statute of limitations. La. Civ. Code Ann. art. § 3492 provides for a one-year statute of limitations on actions seeking recovery for "delictual" or wrongful acts to run from the time that the damage is sustained. Though no Louisiana court has addressed the appropriate statute of limitations in whistle-blower actions, § 3492 has been applied to other types of retaliatory discharge claims. Maquar v. Transit Mgt. Of Southeast La., Inc., 593 So.2d 365, 366 (La. 1992) (finding § 3492 applicable to retaliatory discharge claims).

[3]We note that these cases conflict with at least one other Louisiana appellate decision. We do not hold today that these two cases constitute the law of Louisiana. See e.g., Winbush v. Normal Life of

terminated on the same day, these cases are inapposite; the fact that Guldin received severance pay for an additional six weeks does not change the date of his termination.[4]

## B.   DISCRIMINATION

ADEA, Title VII retaliation and 42 U.S.C. § 1981 retaliation claims are all evaluated with the McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) burden shifting framework. See Raggs v. Mississippi Power & Light Co., 278 F.3d 463, 468 (5th Cir. 2002) (42 U.S.C. § 1981 and Title VII); Haas v. ADVO Sys., Inc., 168 F.3d 732, 733 (5th Cir. 1999) (ADEA). After the plaintiff has established a prima facie case of discrimination, the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for the adverse employment action. Raggs, 278 F.3d at 468; Haas, 168 F.3d at 733. Finally the burden shifts back to the employee to offer evidence, from which a reasonable trier of fact could conclude that the purported explanation is pretextual. Raggs, 278 F.3d at 468; Haas, 168 F.3d at 733.

As noted above, Conoco has asserted that Guldin was terminated as part of a reduction in force and that, based upon an evaluation of experience and work performance, Guldin was less qualified than those who were retained.

_____

Louisiana, Inc., 599 So.2d 489, 491 (La.App. 3 Cir.1992) (citing Williams v. Conoco, Inc., 860 F.2d 1306, 1307-08 (5th Cir. 1988) for the proposition that "the prescriptive period commences to run from the date of notification of the discharge, rather than the date of discharge."). Rather, we hold that even if they do, Guldin's claim is time-barred.

[4]Cf. Burfield v. Brown, Moore & Flint, Inc., 51 F.3d 583, 589 (5th Cir. 1995) (concluding, in an ADA case, that cause of action accrued employee was given unequivocal notice of his termination and not when he received letter confirming the termination or the date his "leave of absence" concluded and noting that "[t]his court disfavors any rule that would penalize an employer for giving an employee severance pay or other extended benefits after the employment relationship has terminated."); Jay v. International Salt Co., 868 F.2d 179, 181 (5th Cir. 1989) (holding, under Louisiana law; that a discrimination claim runs from time of notice of termination, not actual termination) (citing Williams, 860 F.2d at 1307-08 (5th Cir. 1988)).

Guldin does not offer any admissible probative evidence that would tend to prove Conoco's proffered explanation pretextual.    Guldin offers only his own self-serving and conclusory affidavit, in which he asserts that he was more qualified than those retained.  He states that he was replaced by a less experienced younger worker, David Hunter, but does not offer any evidence of Hunter's experience or provide any foundation for his conclusion that David Hunter "replaced" him.  Similarly Guldin identifies Creg Stringer and Daryl Lacour as  less experienced employees who were retained but provides no evidence of Stringer's or Lacour's experience.  The district court correctly concluded that Guldin's affidavit was no bar to entry of summary judgment.  See Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir.1996) ("In short, conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden.") (en banc).[5]

## III.

## CONCLUSION

In light of the foregoing discussion, the decision of the district court is hereby AFFIRMED.

---

[5]See also Lechuga v. Southern Pacific Transp. Co., 949 F.2d 790, 798 (5th Cir. 1992) ("Conclusory statements in an affidavit do not provide facts that will counter summary judgment evidence, and testimony based on conjecture alone is insufficient to raise an issue to defeat summary judgment."); see also  Shackelford v. Deloitte & Touche, LLP, 190 F.3d 398, 408 (5th Cir. 1999) ("Merely disputing [an employer's] assessment of [a plaintiff's] work performance will not necessarily support an inference of pretext."); see, e.g., Bodenheimer v. PPG Indus., Inc., 5 F.3d 955, 958 (5th Cir. 1993) (rejecting self-serving affidavit, in which plaintiff claimed to be better-qualified and noting that our case law "requires the employee to submit evidence that is comparative in nature.").